IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PDG PRESTIGE, INC., | § | Case No. 21-30107 |
| | § | |
| Debtor. | § | |
| | § | |

**MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTOR**

> **THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**
>
> **IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**
>
> **A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:**

PDG Prestige, Inc., debtor and debtor in possession ("PDG-P" or the "Debtor"), files this *Motion to Employ Weycer, Kaplan, Pulaski & Zuber, P.C. as Attorneys for the Debtor* (the "Motion to Employ WKPZ") seeking entry of an order authorizing the employment of Weycer, Kaplan, Pulaski, & Zuber, P.C. ("WKPZ") as the attorneys for the Debtor in this Chapter 11 reorganization case nunc pro tunc to February 15, 2021. In support of this Motion to Employ WKPZ, the Debtor submits the *Declaration of Jeff Carruth*, an attorney at WKPZ (the "Carruth Declaration"), attached hereto as **Exhibit 001** and incorporated herein by reference.

### I. Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion to Employ WKPZ under the provisions of 28 U.S.C. §§ 1334 and 157. This matter involves the administration of a

bankruptcy estate and, thus, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Introduction

2. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code" or the "Bankruptcy Code") on February 15, 2021.

3. The Debtor is operating as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4. No trustee, examiner, or statutory creditors' committee has been appointed in these Chapter 11 cases.

## III. Relief Requested

5. Subject to approval of this Court, the Debtor has employed WKPZ effective as of February 15, 2021 as its counsel in connection with the prosecution of this case under Chapter 11.

6. Pursuant to Code § 327(a), the Debtor requests that the Court approve the employment of WKPZ as its counsel to perform the legal services for the Debtor in this Chapter 11 case.

7. A proposed form of order is submitted with this Motion to Employ WKPZ and is incorporated by reference herein.

## IV. Qualifications of WKPZ

8. The Debtor has selected WKPZ because of WKPZ's extensive experience and knowledge in the field of Debtor' and creditors' rights and business reorganizations under Chapter 11 of the Code, and its knowledge of the local practice and procedures of this Court. In

preparing for entry into these Chapter 11 cases, WKPZ has become generally familiar with the business of the Debtor. Accordingly, the Debtor believe that WKPZ has the necessary background to deal effectively with the legal issues that may arise during this Chapter 11 case, and that WKPZ is qualified and able to represent the Debtor in the Chapter 11 case.

### V. Services to be Provided by WKPZ

9. The services of WKPZ are necessary to enable the Debtor to execute faithfully their duties as Debtor in possession and to develop, propose, and confirm a plan of reorganization.

10. Subject to further order of this Court, WKPZ will render, *inter alia*, and without limitation, the following professional services:

   (a) advise the Debtor of the rights, powers, duties, and obligations of the Debtor as debtor and debtor-in-possession in this Chapter 11 case;

   (b) take all necessary actions to protect and preserve the estates of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections with respect to claims that are filed against the estate;

   (c) to the extent necessary, assist the Debtor in the investigation of the acts, conduct, assets, and liabilities of the Debtor, and any other matters relevant to the case;

   (d) investigate and potentially prosecute preference, fraudulent transfer, and other causes of action arising under the Debtor's avoidance powers and/or which are property of the estate;

   (e) prepare on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the representation of the Debtor and the administration of the estates and this Chapter 11 case;

   (f) negotiate, draft, and present on behalf of the Debtor a plan for the reorganization of the Debtor's financial affairs, and the related disclosure statement, and any revisions, amendments, and so forth, relating to the foregoing documents, and all related materials;

    (g)    handle all litigation and other contested matters for the Debtor arising in connection with this Chapter 11 case; and

    (h)    perform all other necessary legal services in connection with this Chapter 11 case and any other bankruptcy-related representation that the Debtor require.

11.    WKPZ will not advise the Debtor with respect to nor render opinions regarding tax matters or securities matters.

### VI. Disclosure Concerning Conflicts of Interest or Prior Relationships

12.    To the best of the Debtor's knowledge, information, and belief, other than as set forth herein and/or in the Carruth Declaration and in connection with this case, WKPZ has no connection with the Debtor's creditors, the United States Trustee, or any other party with an actual or potential interest in this case or its respective attorneys or accountants.

13.    WKPZ discloses that:

(a)    WKPZ is counsel of record in the Chapter 11 bankruptcy case of The Gateway Ventures, Inc. ("TGV") which case is *In re The Gateway Ventures, Inc.*, Case No. 21-30107, filed on February 2, 2021 and also pending in this Court. TGV is a subsidiary of the PDG-P.

(b)    PDG-P is a creditor of TGV of at least $1,747,391.00

(c)    PDG-P also is a guarantor of the credit facility provided to TGV by HD Lending LLC.

(d)    PDG-P is the primary member and is the manager of TGV.

14.    To the best of the Debtor's knowledge, information, and belief, WKPZ represents no other interest adverse to the Debtor's or its estate. The Debtor believe and represents that, to the best of its knowledge, WKPZ is a "disinterested person" as that term is defined in Code §101(14).

15.    The Debtor submits that its employment of WKPZ would be in the best interests of the Debtor, the respective estates, and all creditors. The Debtor's knowledge, information,

and belief regarding the matters set forth herein are based and made in reliance upon the Carruth Declaration.

### VII. Payment of Fees and Expenses

16. Subject to the Court's approval, WKPZ will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date services are rendered. The current minimum hourly rates for the primary attorney who will be performing substantially all of the services to the Applicant are listed below.

| | |
|---|---|
| Jeff Carruth, Shareholder: | $485.00 |
| Other Shareholders | $485 or less |
| Associates | $300.00 or less |
| Paralegals: | $150.00 |

These rates may change from time to time in accordance with WKPZ's established billing practices and procedures. Also, notably, WKPZ will not charge for non-working travel time with respect to its representation of the Debtor.

17. Additional attorneys and/or paralegals of WKPZ may perform services from time to time under the employment sought to be approved this Motion to Employ WKPZ.

18. WKPZ will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

19. In addition to compensation for professional services rendered, WKPZ shall seek reimbursement for reasonable and necessary expenses incurred in connection with this proceeding, including, but not limited to, filing fees, deposition and other transcript costs, Lexis/Westlaw, PACER and other electronic research, data management and/or download

products, mileage and other travel expenses, long distance and fax charges, messenger services, postage, and reproduction costs.[1]

20. On February 15, 2021, the Debtor executed and delivered the engagement letter to WKPZ.

21. On February 15, 2021, and prior to the filing of the voluntary petition, WKPZ received $1,800 from Michael Dixson, the President PDG-P, which amount was used for the Chapter 11 filing gee.

22. On March 8, 2021, the PDG-P wired $7,500.00 to WKPZ as retainer to be held by WKPZ pending interim and/or final fee orders to be entered in this case.

23. WKPZ awaits the remainder of the retainer from PDG-P in the amount of $16,500 (a total retainer of $24,000 was/is required).

24. WKPZ may request additional, post-petition retainers from the Debtor and/or an insider of the Debtor depending on the circumstances which may arise in this case and only in the event that such retainers would not cause WKPZ to lose its disinterested status in this matter.

### VIII. Fee Applications and Interim Payments

25. WKPZ intends to periodically apply to this Court for payment of interim compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee and the local rules and orders of this Court, and pursuant to any additional procedures that may be established by this Court in this case.

---

[1] The Debtor may undertake direct payment of reproduction and mailing costs associated with these cases in the ordinary course; however, it also possible that WKPZ shall incur such expenses.

## IX. Conclusion

26. Applicant believes that the employment of WKPZ will be in the best interest of the estate and, accordingly, Applicant requests that WKPZ be employed as counsel for Applicant.

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that this Court enter an order (a) authorizing the Debtor to retain and employ WKPZ as its counsel in this Chapter 11 case effective nunc pro tunc as of February 15, 2021 pursuant to Code § 327(a), and (b) granting such other and further relief as the Court may deem just and proper.

Dated: March 17, 2021

APPROVED:

PDG PRESTIGE, INC.

By: */s/ Michael Dixson*
    Michael Dixson, President

Proposed Counsel to the Debtor and
Debtor in Possession:
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
Jeff Carruth (SBT #24001846)
3030 Matlock Rd., Suite 201
Arlington, TX 76015
(713) 341-1158
(866) 666-5322 (fax)
E-mail: jcarruth@wkpz.com

## **CERTIFICATE OF SERVICE**

A separate certificate of service will be filed.

*/s/ Jeff Carruth*
Jeff Carruth

**EXHIBIT 001**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PDG PRESTIGE, INC., | § | Case No. 21-30107 |
| | § | |
| Debtor. | § | |
| | § | |

**DECLARATION OF JEFF CARRUTH IN SUPPORT OF MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTOR**

Pursuant to 28 U.S.C. § 1746, Jeff Carruth, hereby declares the following under penalty of perjury of the laws of the United States that the following statements are true and correct.

1. My name is Jeff Carruth. I am more than twenty-one (21) years of age and am competent and authorized to make this declaration. I have personal knowledge of the facts set forth herein and they are true and correct.

2. I have been licensed to practice law in the State of Texas since 1997. I am admitted to practice law and am in good standing in multiple jurisdictions including all of the federal district courts in Texas, Oklahoma, and Arkansas as well as at least the following districts and courts: the District of Colorado, the Central District of Illinois, and the Fifth Circuit Court of Appeals. I also hold ECF filing privileges in the bankruptcy courts of at least one dozen other districts.

3. I am an attorney with the law firm of Weycer, Kaplan, Pulaski & Zuber, P.C. ("WKPZ"). I and WKPZ have been requested by the above-captioned debtor and debtor in possession (the "Debtor") to represent it in this Chapter 11 case.

4. This declaration was prepared and is being submitted as an exhibit to the *Motion to Employ WKPZ of Debtor and Debtor-in-Possession for an Order Authorizing the Retention and Employment of Weycer, Kaplan, Pulaski & Zuber, P.C. as Counsel to the Debtor* (the "Motion to Employ WKPZ"). I have read the Motion to Employ WKPZ and WKPZ agrees to the terms of employment set forth therein.

5. The Debtor desire to employ WKPZ to provide general legal services as needed throughout the course of this case. The legal services that WKPZ will render to the Debtor may be summarized as follows:

(a) advise the Debtor of the rights, powers, duties, and obligations of the Debtor as debtor and debtor-in-possession in this Chapter 11 case;

(b) take all necessary actions to protect and preserve the estates of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections with respect to claims that are filed against the estate;

(c) to the extent necessary, assist the Debtor in the investigation of the acts, conduct, assets, and liabilities of the Debtor, and any other matters relevant to the case;

(d) investigate and potentially prosecute preference, fraudulent transfer, and other causes of action arising under the Debtor's avoidance powers and/or which are property of the estate;

(e) prepare on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the representation of the Debtor and the administration of the estates and this Chapter 11 case;

(f) negotiate, draft, and present on behalf of the Debtor a plan for the reorganization of the Debtor's financial affairs, and the related disclosure statement, and any revisions, amendments, and so forth, relating to the foregoing documents, and all related materials;

(g) handle all litigation and other contested matters for the Debtor arising in connection with this Chapter 11 case; and

(h) perform all other necessary legal services in connection with this Chapter 11 case and any other bankruptcy-related representation that the Debtor require.

6. Subject to the Court's approval, WKPZ will charge the Debtor for legal services on an hourly basis in accordance with its ordinary and customary hourly rates that are in effect on the date services are rendered.

7. The current minimum hourly billing rates for the attorney who will be providing substantially all of the services to the Debtor in this case are as follows.

| | |
|---|---|
| Jeff Carruth, Shareholder: | $485.00 |
| Other Shareholders | $485.00 or less |
| Associates: | $300.00 or less |
| Paralegals: | $150.00 |

8. In addition to compensation for professional services rendered, WKPZ shall seek reimbursement for reasonable and necessary expenses incurred in connection with this proceeding, including, but not limited to, filing fees, deposition and other transcript costs, Lexis/Westlaw, PACER and other electronic research, data management and/or download products, mileage and other travel expenses, long distance and fax charges, messenger services, postage, and reproduction costs.

9. Also, notably, WKPZ will not charge for non-working travel time with respect to its representation of the Debtor.

10. On February 15, 2021, the Debtor executed and delivered the engagement letter to WKPZ.

11. On February 15, 2021, and prior to the filing of the voluntary petition, WKPZ received $1,800 from Michael Dixson, the President PDG-P, which amount was used for the Chapter 11 filing fee.

12. On March 8, 2021, the PDG-P wired $7,500.00 to WKPZ as retainer to be held by WKPZ pending interim and/or final fee orders to be entered in this case.

13. WKPZ awaits the remainder of the retainer from PDG-P in the amount of $16,500 (a total retainer of $24,000 was/is required).

14. WKPZ may request additional, post-petition retainers from the Debtor and/or an insider of the Debtor depending on the circumstances which may arise in this case and only in the event that such retainers would not cause WKPZ to lose its disinterested status in this matter.

15. WKPZ understands that compensation for services rendered to the Debtor and reimbursement of expenses will be subject to interim and final allowance by this Court pursuant to a fee Motion to Employ WKPZ to be filed by WKPZ.

16. I have reviewed the records of WKPZ to determine the existence of any interest held or represented by WKPZ that is adverse to the Debtor's estate or its creditors. Based on that review, I am informed and believe that:

(a) WKPZ is not and was not a creditor of the Debtor in this case and is not and was not an equity security holder or an insider of the Debtor;

(b) within two years before the Petition Date, no one at WKPZ was a director, officer, or employee of the Debtor;

(c) WKPZ does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

17. Based on that review, WKPZ does not have any relationship to or connection with or interest in (i) the United States Trustee or any person employed by the office of the United States Trustee or (ii) any attorneys, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in this case.

18. Except as provided below, WKPZ does not represent any creditors or other parties-in-interest in this case.

19. WKPZ discloses that:

(a) WKPZ is counsel of record in the Chapter 11 bankruptcy case of The Gateway Ventures, Inc. ("TGV") which case is *In re The Gateway Ventures, Inc.*, Case No. 21-30107, filed on February 2, 2021 and also pending in this Court. TGV is a subsidiary of the PDG-P.

(b) PDG-P is a creditor of TGV of at least $ 1,747,391.00

(c) PDG-P also is a guarantor of the credit facility provided to TGV by HD Lending LLC.

(d) PDG-P is the primary member and is the manager of TGV.

To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Carruth Declaration and in connection with this case, WKPZ has no connection with the Debtor's creditors, the United States Trustee, or any other party with an actual or potential interest in this case or its respective attorneys or accountants.

20. Consistent with its professional responsibility, WKPZ has evaluated potential conflicts of interest and believes that none exist, except as disclosed herein. If, and when, additional information with respect to any other relationships which may exist between WKPZ, its shareholders, principals, and staff members and the Debtor or any other party in interest in this case arises, supplemental declarations describing such information shall be filed with the Court.

21. Accordingly, except as set forth herein, and based upon the information available to me, neither I, WKPZ, nor any shareholder or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate in the matters upon which WKPZ is to be employed. Based upon the information available to me, I believe that WKPZ is a "disinterested person" as that term is defined in Code §101(14).

22. No promises have been received by WKPZ, or by any employee thereof, to receive compensation in this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules of Procedure, and the Local Bankruptcy Rules. No one employed at WKPZ has agreed to share compensation received in this case with any other person or entity not a member or regular associate of WKPZ.

FUTHER DECLARANT SAYEHT NOT

DATED: March 17, 2021   Respectfully Submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: /s/ Jeff Carruth
   JEFF CARRUTH
   State Bar No. 24001846
   3030 Matlock Rd., Suite 201
   Arlington, Texas 76015
   Phone: (713) 341-1058
   Facsimile: (866) 666-5322
   jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
PDG PRESTIGE, INC.
DEBTOR AND DEBTOR IN POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PDG PRESTIGE, INC., | § | Case No. 21-30107 |
| | § | |
| Debtor. | § | |
| | § | |

**ORDER GRANTING MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTOR (RE: DOCKET NO. 21)**

On this day came on for consideration the *Motion to Employ Weycer, Kaplan, Pulaski & Zuber, P.C.* (Docket No. 25) (the "Motion to Employ WKPZ") of PDG Prestige, Inc., debtor and debtor in possession ("PDG-P" or the "Debtor"), filed on March 17, 2021 in the above-styled and numbered case(s), seeking approval of the employment of the firm of Weycer, Kaplan, Pulaski, & Zuber, P.C. ("WKPZ") as its counsel as more particularly set forth in the Motion to Employ WKPZ and Declaration on file in this case. The Court finds that the Motion to Employ WKPZ contained the appropriate notice and was served upon the parties contained within the Master Service List of the Debtor. No objections to the Motion to Employ WKPZ were filed. Upon review of the Motion to Employ WKPZ, it appears to the Court that the proposed professional is "disinterested" as that term is defined in Code §101(14) and that the proposed professional represents or holds no interest adverse to the Debtor.

**IT IS THEREFORE ORDERED** that the Motion to Employ WKPZ is GRANTED and that the Debtor are authorized to employ WKPZ as attorneys to the Debtor and the related Chapter 11 estates pursuant to 11 U.S.C. § 327(a), *nunc pro tunc* and effective as of February 15, 2021, with all fees payable with such compensation as may be awarded by the Court upon proper motion or application.

###

*Order submitted by:*

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: /s/ Jeff Carruth
 JEFF CARRUTH
 State Bar No. 24001846
 3030 Matlock Rd., Suite 201
 Arlington, Texas 76015
 Phone: (713) 341-1058
 Facsimile: (866) 666-5322
 jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
PDG PRESTIGE, INC.
DEBTOR AND DEBTOR IN POSSESSION