UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case Number 21-30107-hcm |
| ) | |
| PDG PRESTIGE, INC., ) | Chapter 11 |
| ) | |
| ) | |
| Debtor. ) | |

**RESPONSE OF NEW MEXICO REAL ESTATE ADVISORS, INC. TO MOTION OF DEBTOR TO (I) ENTER INTO DEBTOR POSSESSION CREDIT AGREEMENT, (II) GRANT PRIMING LIENS UNDER CODE SEC. 364(D), AND (III) PROVIDE RELATED RELIEF**

TO THE HONORABLE H. CHRISTOPHER MOTT,
UNITED STATES BANKRUPTCY JUDGE:

**New Mexico Real Estate Advisors, Inc. d/b/a Colliers International** (*"Colliers"*), a secured and administrative creditor in this case, objects as follows to the Motion of Debtor to (I) Enter Into Debtor Possession Credit Agreement, (II) Grant Priming Liens Under Code Sec. 364(D), and (III) Provide Related Relief (*"Financing Motion"*) (docket #24) filed by PDG Prestige, Inc., the Debtor and Debtor in Possession (the *"Debtor"*):

**A. Summary of Objection**

1. The Debtor is indebted to Colliers in the total amount of $337,725.36 for commissions earned upon the leasing of portions of the Debtor's real property. Of this amount, one commission of $95,145.76 was earned post-petition. Colliers recorded liens against the Debtor's real property to secure its commissions. The Debtor in its Financing Motion only proposes to pay a portion of Colliers' claim. Colliers objects to the Financing Motion on the following general grounds: a) the Debtor has failed to show the requested financing is reasonable in terms or amount, b) Colliers can and should be paid in full with the proceeds of the financing, and c) to the extent it is not paid in full Colliers is not adequately protected.

**B. Factual Background**

2. The Debtor is indebted to Colliers pursuant to an Exclusive Right to Lease Listing

Agreement (the "*Agreement*"). Pursuant to the Agreement, Colliers is entitled to a 6% commission for leasing the Debtor's real property. Colliers procured five ground and strip center leases and is entitled to commissions totaling $337,725.36[1].

3. On January 25, 2021 Colliers recorded four Claim and Notice of Liens ("*Lien Notices*") in the Real Property Records of Dona Ana County, New Mexico[2]. The Lien Notices place liens totaling $242,579.60 on the Debtor's approximate 3.29 acre parcel in Las Cruces, New Mexico (the "*Property*"). The balance of Colliers' claim was incurred post-petition and is an administrative claim.

4. This is a single asset real estate case. According to the Debtor's Schedules, the Property is valued at $4,700,000.00. The Debtor's assets consist of the Property and personal property with a total value of $42,640.39. According to the Debtor's Schedules, City Bank holds a first lien on the Property with a claim of $2,705,661.10 and Colliers holds a second lien.

### C. Legal Argument

5. The Debtor seeks approval of a $4,700,000.00 debtor in possession loan (the "*DIP Loan*") to be secured by a senior lien on all of the Debtor's assets. According to the Financing Motion and Budget attached thereto the loan proceeds will be used to pay; a) City Bank in full, b) Colliers a portion of its debt[3], c) DIP Loan fees, and d) various operating expenses, fees and expenses. Thus, the Debtor seeks to infuse new capital into development of the Property while not paying its creditors in full.

6. Section 364 of the Bankruptcy Code authorizes a debtor in possession to obtain credit. Section 364(d)(1) addresses credit to be secured by a senior lien. Section 364(d)(1) states:

> "The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—
>
> (A) the trustee is unable to obtain such credit otherwise; and

---

[1] Commissions totaling $242,579.60 were earned pre-petition; a commission totaling $95,145.76 was earned post-petition.
[2] A fifth Lien Notice was recorded post-petition without actual knowledge of the bankruptcy case based on the commission that was earned post-petition.
[3] According to Paragraph 30 of the Financing Motion Colliers will receive "approximately the amount of $168,862.00" while the Budget attached as Exhibit B indicates Colliers will receive $142,810.00.

40T723502.DOCX

(B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."

Granting post-petition financing on a priming basis is extraordinary and is allowed only as a last resort. *In re DB Capital Holdings, LLC*, 454 B.R. 804, 822 (Bankr. D. Colo. 2011).

7. Colliers objects to the proposed DIP Loan. First, the Debtor should be required to establish why it needs the DIP Loan and why the DIP Loan is in the proposed amount. The DIP Loan will increase the Debtor's secured debt by approximately $1,700,000.00. The DIP Loan would put existing creditors including Colliers at greater risk. At a minimum the Debtor should be required to prove it cannot obtain financing on better terms and why the loan amount should exceed the amount needed to pay the Debtor's existing creditors.

8. Colliers objects to the Financing Motion because it does not propose adequate protection of Colliers' remaining claim. The Financing Motion only proposes to pay Colliers a portion of its secured claim. No adequate protection is proposed for the balance of Colliers' claim. According to the Debtor's Schedules Colliers' secured claim is currently protected by a substantial equity cushion. If the DIP Loan is approved, the DIP lender will hold a claim of $4,700,000.00 against property valued in the Schedules at $4,700,000.00. While the Debtor may argue the Property will increase in value with the improvements, no such showing has been made and Colliers should not be forced to rely on projected future value as adequate protection. Courts should use great caution in granting a priming lien where adequate protection is based on predictions of future value. *See In re Packard Square LLC*, 574 B.R. 107, 118-119 (Bankr. S.D. Mich. 2017) (and cases cited therein).

9. Finally, Colliers objects to the Financing Motion because it does not propose to pay Colliers in full. The DIP Loan is sufficient to pay both City Bank and Colliers in full; however the Debtor only proposes to pay a portion of Colliers' claim. Paragraph 26 of the proposed form of Order provides that Colliers shall be paid $168,862.00 "in full satisfaction of the claim". Colliers is entitled to be paid its full commission. The Debtor states in Paragraph 20 of its Financing Motion that it disputes Colliers' claim

and "believes that a substantially reduced total and no more than half of said amount, and possibly less, had been earned by [Colliers] as of the Petition Date". Upon information and belief, the Debtor asserts that only half of the commission was "earned" on the bankruptcy filing date because only half of the commission was due.

10. Section 3 of the Agreement provides that Colliers' commission is "deemed to be earned and payable upon the occurrence of" a leasing of the Property. Section 3 further provides the commission is "due and payable" as follows: "one-half of the Commission is payable upon an executed lease by Owner and tenant, and one-half of the Commission is payable upon tenant's possession of the Property". Colliers had procured five leases but the lessees have not yet taken possession as construction on the Property has not been completed. However, the commissions are fully "earned".

11. A right to payment, even if contingent or unmatured, is a "claim" for purposes of bankruptcy. 11 U.S.C. §101(5)(A). The legislative history of the claims allowance process notes that bankruptcy functions "as the acceleration of the principal amount of all claims against the debtor". *In re El Paso Refinery, L.P.*, 220 B.R. 37, 41 (Bankr. W.D. Tex. 1998) (quoting H.R. Rep. No. 95-595, 95th Cong., 2nd sess. at 309 (1978), U.S. Code Cong. & Admin. News pp. 5693, 6308. A commission is earned even if not yet due and payable when the services giving rise to the commission have occurred. *In re Cardinal Industries, Inc.*, 160 B.R. 83, 85 (Bankr. S.D. Ohio 1993). A commission arises pre-petition for purposes of setoff if the right to the commission accrued pre-petition, regardless of when it is due. *In re Gibson*, 308 B.R. 763, 766-769 (Bankr. N.D. Tex. 2002). Colliers holds a $337,725.36 claim in this case which should be paid in full.

40T723502.DOCX

**WHEREFORE**, New Mexico Real Estate Advisors, Inc. d/b/a Colliers International Colliers moves for denial of the Financing Motion, and for such other and further relief to which it is entitled.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas   79999-2800
(915) 533-4424
(915) 546-5360 (FAX)
Attorneys for New Mexico Real Estate Advisors, Inc.

By: _____
James W. Brewer
State Bar No. 02965200
James.brewer@kempsmith.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Response was delivered on April 9, 2021 via electronic service through the Court's transmission to those persons listed as recipients of electronic Notice of Electronic Filing generated by the Court's system and by first class U.S. mail to the parties on the attached list.

_____
James W. Brewer

40T723502.DOCX

```
Label Matrix for local noticing          PDG Prestige, Inc.                      U.S. BANKRUPTCY COURT
0542-3                                   780 N Resler Drive, Suite B             511 E. San Antonio Ave., Rm. 444
Case 21-30107-hcm                        El Paso, TX 79912-7196                  EL PASO, TX 79901-2417
Western District of Texas
El Paso
Fri Apr  9 12:32:18 CDT 2021

City Bank                                City of El Paso                         CityBank
c/o Brad W. Odell                        c/o Don Stecker                         c/o Brad O'Dell
Mullin Hoard and Brown, LLP              112 E. Pecan St. Suite 2200             Mullin Hoard Brown
P.O. Box 2585                            San Antonio, TX 78205-1588              1500 Broadway St #700
Lubbock, Texas 79408-2585                                                        Lubbock, TX 79401-3111

Dennis Crimmins                          Dona Ana County Treasurer               Gallardo
c/o Casey S. Stevenson                   845 N Motel Blvd.                       2701 W Picacho Ave, Ste 6
Scott Hulse                              Las Cruces, TX 88007-8100               Las Cruces, NM 88007-4732
201 East Main Drive #1100
El Paso, TX 79901-1340

HD Lending, LLC                          Internal Revenue Service                Michael Dixson
c/o Clyde A. Pine, Jr.                   Special Procedures Staff - Insolvency   780 N. Resler Drive Suite B
Mounce, Green, Myers                     P. O. Box 7346                          El Paso, TX 79912-7196
P.O. Box 1977                            Philadelphia, PA 19101-7346
El Paso, Texas 79999-1977

New Mexico Real Estate Advisors Inc d/b/ New Mexico Real Estate Advisors, Inc.   PDG Inc.
5051 Journal Center Boulevard NE         d/b/a Colliers International            780 N. Resler Drive Suite B
Suite 200                                c/o Kemp Smith LLP                      El Paso, TX 79912-7196
Albuquerque, NM 87109-5914               Attn:  James W. Brewer
                                         221 N. Kansas, Ste. 1700
                                         El Paso, TX 79901-1401

Springer Management                      TEXAS WORKFORCE COMMISSION              United States Trustee - EP12
c/o Tom Springer                         OFFICE OF ATTORNEY GENERAL-Bankruptcy&Co U.S. Trustee's Office
500 S. Telshor Blvd.                     PO BOX 12548 - MC-008                   615 E. Houston, Suite 533
Las Cruces, TX 88011-4613                AUSTIN, TX 78711-2548                   P.O. Box 1539
                                                                                 San Antonio, TX 78295-1539

Jeff Carruth
Weycer Kaplan Pulaski & Zuber, P.C.
25 Greenway Plaza, #2050
Houston, TX 77046
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)TEXAS WORKFORCE COMMISSION            End of Label Matrix
OFFICE OF ATTORNEY GENERAL-Bankruptcy&Co Mailable recipients    18
PO BOX 12548 - MC-008                    Bypassed recipients     1
AUSTIN, TX 78711-2548                    Total                  19
```