**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-30107-hcm |
| PDG Prestige, Inc., | § | (Chapter 11) |
| *Debtor* | § | |

### OBJECTION TO MOTION OF DEBTOR TO (I) ENTER INTO DEBTOR POSSESSION CREDIT AGREEMENT, (II) GRANT PRIMING LIENS UNDER CODE SEC. 364(d), AND (III) PROVIDE RELATED RELIEF

TO THE HONORABLE H. CHRISTOPHER MOTT, U. S. BANKRUPTCY JUDGE:

COMES NOW City Bank, a secured creditor and a party in interest in this case, and files this Objection to Debtor's *Motion of Debtor to (I) Enter Into Debtor Possession (sic.) Credit Agreement, (II) Grant Priming Liens under Code Sec. 364(d), and (III) Provide Related Relief* ("DIP Motion"), and respectfully states as follows.

### I. Summary of Objection

1. PDG, Inc., an affiliate of the Debtor, is indebted to City Bank in the principal amount of $2,600,000.00, plus accrued interest, fees, pre-petition attorneys' fees, and post-petition attorneys' fees. The loan to City Bank is secured by a first lien deed of trust against two tracts of real property commonly known as and located at 510 S. Telshor Boulevard, Las Cruces, New Mexico (the "Real Property"). Debtor seeks to acquire Debtor-In-Possession financing from Legalist DIP GP, LLC ("DIP Lender") and to provide DIP Lender priming liens secured by the Real Property. The loan amount is $4,700,000.00 (the "DIP Loan")

2. While the DIP Motion states it will pay City Bank in full on the first advance, the DIP Loan documents, which were attached to the Motion as Exhibit PDG001, do not recognize City Bank as a lien holder against the Real Property and do not provide that City Bank is a Permitted Senior

Lien holder against the Real Property. The terms of the DIP Loan documents provide for immediate fees to the DIP Lender, and the Motion seeks to have even these fees to acquire senior liens against the Real Property. Further, nothing in the DIP Motion or the DIP Loan documents require the payoff of City Bank prior to making any advances. Because nothing forces City Bank to be paid in full prior to any fees or advances are incurred under the DIP Loan, City Bank objects to the DIP Motion.

3. Debtor fails to show that the requested financing under the DIP Motion is reasonable in terms or amount, Debtor has not been able to acquire alternative financing from a more favorable lender, and that City Bank will be adequately protected until it is paid in full. City Bank certainly has no problems with it being paid in full on its claim; however, as currently stands, City Bank is at risk that it is not paid off prior to advances that prime its lien. City Bank, therefore, requests that to the extent Debtor's DIP Motion is granted by this Court, the Court require the first advance under the DIP Loan to be made to pay off City Bank in full, and no fees or simultaneous advances under the DIP Loan will prime City Bank's deed of trust lien.

## II. Claim of City Bank

4. In July of 2018, PDG, Inc. acquired the Real Property located in Las Cruces, New Mexico. To finance the acquisition of the Real Property, PDG, Inc. executed Promissory Note No. ***5289 in the original principal amount of $2,600,000.00 (the "Note") payable to the order of West Texas State Bank. The Note called for monthly payments of interest, and as the Real Property was sold payments of outstanding principal. The Note matured and became fully due and payable on January 13, 2020.

5. To secure repayment of the Note, PDG, Inc. granted West Texas State Bank a Deed of Trust lien against the Real Property ("Deed of Trust," and together with the Note, the "Loan

Documents"). The Deed of Trust was properly recorded in the County Clerk's Records of Doña Ana County, New Mexico on July 13, 2018 under instrument number 1816732.

6. City Bank acquired and merged with West Texas State Bank on November 12, 2019. City Bank as the successor in the merger is the legal owner and holder of the Loan Documents, and is entitled to enforce same.

7. On January 13, 2020, the Note matured and remained unpaid. In April of 2020, to give PDG, Inc. more time to resolve the matured Note, City Bank renewed and extended the Note and Deed of Trust lien until October 13, 2020. On October 13, 2020, the Note matured again and PDG, Inc. did not pay off the Note in full.

### III. Argument and Authorities

8. Section 364 of the Bankruptcy Code authorizes a debtor in possession to obtain credit. 11 U.S.C. § 364. Section 364(d)(1) addresses credit to be secured by a senior priming lien. Section 364(d)(1) states:

> The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien *only if* –
>
> (A) The trustee is unable to obtain such credit otherwise; and
>
> (B) There is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

11 U.S.C. § 364(d)(1) (emphasis added). Granting post-petition financing on a priming basis is extraordinary and is allowed only as a last resort. *In re DB Capital Holdings, LLC*, 454 B.R. 804, 822 (Bankr. D. Colo. 2011).

9. First, Debtor must show that it cannot obtain such credit otherwise than the proposed DIP Loan. Debtor does not provide any basis other than the conclusory statement it

cannot obtain financing on any other basis besides priming everyone's liens. If the DIP Loan is to take out City Bank, then priming its lien is not necessary. Nonetheless, the proposed order submitted with the DIP Motion primes even City Bank's lien. Again, City Bank notes that the DIP Loan documents do not even recognize City Bank as a lien holder. To satisfy § 364(d)(1), Debtor must show that it could not find more favorable lending terms.

10. Second, Debtor cannot show how City Bank will be adequately protected until it is paid in full. While the DIP Motion states it will pay City Bank in full with the first advance, DIP Lender is immediately entitled to fees and other charges before making any advances which would prime City Bank. Further, there is nothing in the DIP Motion or proposed order which would prevent the DIP Lender from making other advances before advancing sufficient funds to pay off City Bank in full. Without the guaranty that City Bank will be paid in full and no fees or other advances will prime its lien, City Bank is not adequately protected.

11. The DIP Loan is for $4,700,000.00. Debtor's schedules provide that the Real Property is worth $4,700,000.00. City Bank's debt secured by the Real Property is approximately $2,750,000.00. Debtor has not provided any evidence that the Real Property is actually worth $4,700,000, but states that it needs the DIP Loan to improve the value of the Real Property. Even assuming for argument's sake that the value of the Real Property in its current condition without needed improvements is $4,700,000, between City Bank's debt and the DIP Loan, the Real Property is have against it more than $7 million in claims. Quickly, City Bank gets pushed to the back of the bus if it is not paid off immediately. For this reason, the only way that City Bank can be considered adequately protected is by an Order directing

that City Bank be paid in full and that, until such time as it is paid in full, no fees or other advances will prime its first lien deed of trust.

WHEREFORE, City Bank moves this Court to either deny the DIP Motion or enter an Order granting the DIP Motion, but providing City Bank with adequate protection by paying it in full and not priming its deed of trust lien.

Respectfully Submitted,

By: /s/ Brad W. Odell
      Brad W. Odell, SBN: 24065839

MULLIN HOARD & BROWN, LLP
Brad W. Odell, SBN: 24065839
P. O. Box 2585
Lubbock, Texas 79408-2585
Tel: (806) 765-7491
Fax: (806) 765-0553
bodell@mhba.com
*Attorneys for City Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of April, 2021, a copy of City Bank's *Objection* was served upon the following parties listed below by the Court's ECF notification system and/or U.S. Mail:

1. PDG Prestige, Inc.
   780 N. Resler Drive, Suite B
   El Paso, TX 79912
   *Debtor*

2. Jeff Carruth
   WEYCER KAPLAN PULASKI & ZUBER, P.C.
   3030 Matlock Rd., Ste 201
   Arlington, TX 76015
   *Attorney for Debtor*

3. United States Trustee
   P.O. Box 1539
   San Antonio, TX 78295
   *U.S. Trustee*

4. City Bank
Attn: Morris Wilcox
5219 City Bank Parkway
Lubbock, Texas 79407
***Creditor***

5. To all other parties requesting ECF notification.

/s/ Brad W. Odell
Brad W. Odell