FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
11/30/2020 9:20 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Noemi Ramirez

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

DENNIS CRIMMINS,

    Plaintiff,

vs.

MICHAEL J. DIXSON,
PDG, INC, and PDG PRESTIGE, INC.,

    Defendants.

Case No. D-307-CV-2020-01698
The Honorable James T. Martin

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendants, Michael J. Dixson, PDG, INC. and PDG Prestige, Inc. ("Defendants"), by and through its attorneys of record, Martin & Lutz, P.C., and for their Answer to Plaintiffs' First Amended Complaint, would show the Court as follows:

1. Defendants admit Paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendants admit Paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendants admit Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendants admit Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendants admit that personal jurisdiction and subject matter jurisdiction exist in this Court and otherwise deny the factual allegations of Paragraph 5 of Plaintiff's First Amended Complaint and demand strict proof thereof.

6. Defendants admit Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendants admit that Plaintiff and Michael Dixson either individually or through his related entities had a business relationship for a period of years, the terms of which and

characterization of which were governed by the documents controlling that business relationship which speak for themselves and otherwise deny any factual allegations inconsistent with the above averments in this paragraph in Paragraph 7 of Plaintiff's First Amended Complaint and demand strict proof thereof.

8. Defendants admit that Plaintiff and Michael Dixson either individually or through his related entities had a business relationship for a period of years, the terms of which and characterization of which were governed by the documents controlling that business relationship which speak for themselves and otherwise deny any factual allegations inconsistent with the above averments in this paragraph in Paragraph 8 of Plaintiff's First Amended Complaint and demand strict proof thereof.

9. Defendants admit that a Transfer Agreement was entered into, the parties of which and the terms of which are contained within that document which speaks for itself and otherwise deny any factual allegations inconsistent with the above averments in this paragraph in Paragraph 9 of Plaintiff's First Amended Complaint and demand strict proof thereof.

10. Defendants admit that a Transfer Agreement was entered into, the parties of which, the representations of the parties thereto, and the terms of which are contained within that document which speaks for itself and otherwise deny any factual allegations inconsistent with the above averments in this paragraph in Paragraph 10 of Plaintiff's First Amended Complaint and demand strict proof thereof.

11. Defendants deny the allegations of Paragraph 11 of Plaintiff's First Amended Complaint and demand strict proof thereof.

12. Defendants deny the allegations of Paragraph 12 of Plaintiff's First Amended

Complaint and demand strict proof thereof.

13. Defendants admit that Dixson brought suit against Crimmins on September 8, 2014 for breach of the First Amended settlement agreement between the parties, and otherwise deny the allegations of Paragraph 13 of Plaintiff's First Amended Complaint and demand strict proof thereof.

14. Defendants admit the allegations of Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendants admit that a Settlement Agreement was entered into as well as a Stipulated Order, the parties of which, the representations of the parties thereto, and the terms of which are contained within those documents which speak for themselves and otherwise deny the allegations of Paragraph 15 of Plaintiff's First Amended Complaint and demand strict proof thereof.

16. Defendants admit that a Settlement Agreement was entered into, the parties of which, the representations of the parties thereto, and the terms of which are contained within those documents which speak for themselves and otherwise deny the allegations of Paragraph 16 of Plaintiff's First Amended Complaint, particularly as to its discussion of the "Judgment" constituting a binding contract between the parties allowing attorney fees for this action when this action is in fact specifically barred by the Settlement Agreement.

17. Defendants deny the allegations of Paragraph 17 of Plaintiff's First Amended Complaint and demand strict proof thereof, and by way of new matter would alleged that Defendants specifically identified these properties to Plaintiff as opportunities to resolve the aforementioned, underlying matter, that Plaintiff was fully aware of all of the transfers in question, that Plaintiff knowingly waived and declined any such interest and that all such transfers were within the normal and ordinary course of business, and that any allegations brought otherwise are knowingly and

intentionally false by Plaintiff.

18. Defendants admit that Defendants respectively executed the Warranty Deed contained in Exhibit "C" of Plaintiff's First First Amended Complaint as well as the Quitclaim Deed contained in Exhibit "D" of Plaintiff's First First Amended Complaint, as well as the Quitclaim Deed contained in Exhibit "E" of Plaintiff's First First Amended Complaint, otherwise deny the factual allegations of Paragraph 18 of Plaintiffs's First Amended Complaint, and by way of new matter would allege that some or all of the properties in question were offered as part of the settlement negotiations to Plaintiff, that Plaintiff was fully aware of all of the transfers in question, and that Plaintiff knowingly waived and declined any such interest and that all such transfers were within the normal and ordinary course of business.

19. Defendants admit that a Settlement Agreement, the parties of which, the representations of the parties thereto, and the terms of which are contained within those documents which speaks for itself and otherwise deny any factual allegations inconsistent with the above averments in this paragraph in Paragraph 19 of Plaintiff's First Amended Complaint and demand strict proof thereof.

20. Defendants admit the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendants admit that a Forberance Agreement was entered into, the parties of which, the representations of the parties thereto, and the terms of which are contained within those documents which speaks for itself and otherwise deny any factual allegations inconsistent with the

4

above averments in this paragraph in Paragraph 22 of Plaintiff's First Amended Complaint and demand strict proof thereof.

23. Defendants admit that Defendants respectively executed the Warranty Deed contained in Exhibit "C" of Plaintiff's First First Amended Complaint as well as the Quitclaim Deed contained in Exhibit "D" of Plaintiff's First First Amended Complaint, as well as the Quitclaim Deed contained in Exhibit "E" of Plaintiff's First First Amended Complaint, otherwise deny the factual allegations of Paragraph 23 of Plaintiffs's First Amended Complaint, and by way of new matter would allege that some or all of the properties in question were offered as part of the settlement negotiations to Plaintiff, that Plaintiff was fully aware of all of the transfers in question, and that Plaintiff knowingly waived and declined any such interest and that all such transfers were within the normal and ordinary course of business.

24. Defendants admit the allegations of Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendants admit the allegations of Paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendants admit that the Quitclaim Deed and Warranty Deed indicated in Exhibit "E" of Plaintiff's First First Amended Complaint were executed and filed as indicated and otherwise deny the allegations of Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendants deny the allegations of Paragraph 27 of Plaintiff's First Amended Complaint and demand strict proof thereof.

28. Defendants deny the allegations of Paragraph 28 of Plaintiff's First Amended Complaint and demand strict proof thereof, and by way of new matter would alleged that Defendants

specifically identified these properties to Plaintiff as opportunities to resolve the aforementioned, underlying matter, that Plaintiff was fully aware of all of the transfers in question, that Plaintiff knowingly waived and declined any such interest and that all such transfers were within the normal and ordinary course of business, and that any allegations brought otherwise are knowingly and intentionally false by Plaintiff.

29. Defendants deny the allegations of Paragraph 29 of Plaintiff's First Amended Complaint and demand strict proof thereof.

30. Defendants deny the allegations of Paragraph 30 of Plaintiff's First Amended Complaint and demand strict proof thereof.

31. Defendants admit that Defendant Michael Dixson is the principal of both PDG, Inc. and PDG Prestige, Inc. and that Defendant Michael Dixson signed the deeds in question, and otherwise denies the allegations of Paragraph 31 of Plaintiff's First Amended Complaint and demands strict proof thereof.

32. Defendants deny the allegations of Paragraph 32 of Plaintiff's First Amended Complaint and demand strict proof thereof.

33. Defendants deny the allegations of Paragraph 33 of Plaintiff's First Amended Complaint and demand strict proof thereof.

34. Defendants deny the allegations of Paragraph 34 of Plaintiff's First Amended Complaint and demand strict proof thereof.

35. Defendants deny the allegations of Paragraph 35 of Plaintiff's First Amended Complaint and demand strict proof thereof.

36. Paragraph 36 does not require a response, but if necessary, Defendants deny the

applicability of the Uniform Voidable Transactions Act, and demand strict proof thereof.

37. Defendants admit that the Settlement Agreement and Forbearance Agreement entered into between the Plaintiffs and Defendants constitute valid and enforceable contracts, that Defendant Michael Dixson and PDG, Inc. did not make the $1,450,000 second payment indicated in the Settlement Agreement, deny the remainder of the allegations of Paragraph 37 of Plaintiff's First Amended Complaint, and demand strict proof thereof.

38. Defendants deny the allegations of Paragraph 38 of Plaintiff's First Amended Complaint and demand strict proof thereof.

39. Defendants deny the allegations of Paragraph 39 of Plaintiff's First Amended Complaint and demand strict proof thereof.

40. Defendants deny the allegations of Paragraph 40 of Plaintiff's First Amended Complaint and demand strict proof thereof, and by way of new matter would allege that JFAL Holding Company, LLC has assets sufficient with respect to any claimed need for collection of the underlying judgment in question.

41. All allegations not expressly admitted to above are hereby denied.

42. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted, particularly as to any alleged claim for attorney fees.

43. Plaintiff has failed to mitigate their damages including but not limited as to failure with respect to assets of JFAL Holding Company, LLC that should have been taken before any suit against third parties not involved such as PDG Prestige, Inc..

44. Plaintiff's claims may be barred in whole or in part by unclean hands.

45. Plaintiff's claims for any kind of punitive and/or exemplary damages are barred in

7

whole or in part by statute or the United States and/or New Mexico Constitutions.

46. Plaintiff's claims are subject to waiver and/or estoppel as applicable based upon discussions related to these properties during the settlement phase of the other litigation reference above.

47. Plaintiff's claims are subject to the doctrines of res judicata that include the doctrines of merger and bar, specifically and not limited to any claim of breach of the settlement agreement which has already been reduced to judgment in a separate proceeding.

48. Plaintiff's claims are subject to the doctrine of release, waiver, accord and satisfaction, and any other legal theory derived from the claims being specifically and explicitly released in the Settlement Agreement as conduct occurring prior to the execution of the Settlement Agreement.

49. Defendants reserve the right to seek leave to amend its Answer to raise any further defenses and affirmative defenses in this matter and has neither knowingly waived nor intentionally waived any applicable defenses or the argument that such defenses and affirmative defenses have or are tried by consent.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint, award attorney fees for breach of the Settlement Agreement as to this filing, costs to Defendants as applicable, and for such other and further relief as to the Court may deem just and equitable.

RESPECTFULLY SUBMITTED BY:

MARTIN & LUTZ, P.C.

By_____
David P. Lutz
P.O. Drawer 1837
Las Cruces, NM 88004-1837
(575) 526-2449
(575) 526-0946 (FAX)
Email: dplutz@qwestoffice.net

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he did cause to be sent via first-class mail, a true and correct copy of the foregoing instrument to the following opposing counsel of record on this 20th day of November, 2020.

Casey S. Stevenson
ScottHulse PC
One Jacinto Plaza, Ste. 1100
El Paso, Texas 79901
(915) 533 - 2493
(915) 546 - 8333 (Facsimile)

Counsel for Plaintiff

_____
David P. Lutz