FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
1/6/2021 2:40 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Joseph Martinez

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

DENNIS CRIMMINS,

    Plaintiff,

vs.

MICHAEL J. DIXSON,
PDG, INC, and PDG PRESTIGE, INC.,

    Defendants.

Case No. D-307-CV-2020-01698
The Honorable James T. Martin

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendants Michael J. Dixson, PDG., Inc. and PDG Prestige, Inc., by and through its attorneys of record, Martin & Lutz, P.C., by David P. Lutz, and file this Motion for Summary Judgment.

### I.

### INTRODUCTION

Plaintiff's First Amended Complaint brings three causes of action - Fraud, Fraudulent Transfer, and Breach of Contract. Plaintiff cannot base a fraud claim on a representation as to a future act. The Settlement Agreement between PDG, Inc., Michael Dixson, and Dennis Crimmins clearly and unambiguously releases the Fraudulent Transfer claim in question. The breach of contract claim has already been reduced to judgment in another matter and is thus subject to the doctrine of merger and otherwise collaterally estopped. This Court should grant summary judgment to the Defendants and grant reasonable attorney fees under the Settlement Agreement as applicable.

## II.

## BACKGROUND

1. Plaintiff Dennis Crimmins and Defendants Michael Dixson and PDG, Inc. had been in separate litigation with each other dating back to 2014. *See*, Plaintiff's First Amended Complaint, at ¶ 27.

2. On November 15, 2016, Michael Dixson transferred his interest in the property for 2502 Los Alamos; Las Cruces, New Mexico to the Michael Dixson Trust. *See*, *Id.*, at ¶ 24. The trust then made a second transfer of this property to non-parties Connor Tryon and Carolina P. Orrellano. *Id.*

3. On August 7, 2018, PDG, Inc. transferred to PDG Prestige, Inc. Lot 1A of the Mesilla Valley Mall Subdivision. *Id.* at ¶ 25.

4. On August 15, 2018, Prestige Development Group transferred to PDG, Inc. property additional property in Dona Ana County, said transaction being recorded on August 20, 2018. *See*, *Id.* at ¶ 26 and Exhibit "E."[1]

5. On January 10, 2019, Plaintiff and Defendants Michael Dixson and PDG, Inc. entered into a Settlement Agreement of the 2014 litigation. *See*, Exhibit A to Plaintiff's First Amended Complaint.

6. The Settlement Agreement provides that "[i]n reaching the settlement evidenced by this Agreement, [Plaintiff] accept[s] the Payment Obligations, Stipulated Judgment, collection rights and their preserved right of non-dischargeability in satisfaction of their existing claims against the

---

[1] Plaintiff's First Amended Complaint contains a typographical error as to the year this document was filed at the Dona Ana County Clerk's office. As Exhibit E shows, it was filed in 2018, not 2020.

2

Dixson Parties, whether known or unknown, arising from any occurrences, events or conduct predating this Agreement, thereby waiving and releasing their right to pursue any such other claims except as set forth herein including, without limitation, the right to object to dischargeability in bankruptcy or reorganization based on fraud. Therefore, exception for the Payment Obligations and any other obligations and rights set forth herein, the Dixson Parties and their affiliated entities, on the one hand, and the Crimmins Parties [including Plaintiff] and their affiliated entities, on the other hand, do hereby mutually release one another, and their respective agents, servants, employees, representatives, attorneys, successors, and assigns, of and from all other claims of any kind relating to or arising from their prior business relationships or dealings and from any other claims arising from events or conduct predating this agreement." *See*, Exhibit "A" to Settlement Agreement, at ¶ 5 (Pages 6 and 7 of the Settlement Agreement).

7. The Settlement Agreement indicates that it comprises "the entire agreement and understanding of the parties." *Id.* at ¶ 8.2 (Page 8 of the Settlement Agreement).

8. Defendants Michael Dixson and PDG, Inc. did not make a $1,450,000 payment indicated in the Settlement Agreement. *See*, Plaintiff's First Amended Complaint, at ¶ 20.

9. On August 28, 2019, Judge Arrieta entered a Stipulated Judgment Against PDG, Inc., Michael Dixson, and JFAL Holding Company, L.L.C. in Cause No. D-307-CV-2014-01845 for $1,450,000.00. *See*, Exhibit F to Plaintiff's First Amended Complaint.

10. Plaintiff alleges that Mr. Dixson represented to him that he would pay the amounts due under the Settlement Agreement or "that if cash payment could not be made under the Settlement Agreement then Dixson would transfer properties to the Judgment Creditors, including Crimmins, to satisfy the Settlement Agreement." *See*, Plaintiff's First Amended Complaint, at ¶ 17.

3

Plaintiff bases his fraud claim on these alleged representations. *See, Id.* at ¶ 27.

11.     Plaintiff filed suit on August 14, 2020 alleging fraud and fraudulent transfer. Plaintiff filed Plaintiff's First Amended Complaint on November 13, 2020 to add a claim for "breach of contract" to avoid a ruling striking Plaintiff's claim for attorney fees.

### III.

### ARGUMENTS AND AUTHORITIES

As noted above in the introduction, Plaintiff cannot base a fraud claim on a representation as to a future act. The Settlement Agreement between PDG, Inc., Michael Dixson, and Dennis Crimmins clearly and unambiguously releases the Fraudulent Transfer claim in question. The breach of contract claim has already been reduced to judgment in another matter and is thus subject to the doctrine of merger and otherwise collaterally estopped. In considering a dispositive motion, the Court may consider documents attached to Plaintiff's First Amended Complaint and the terms of the contract. *See, Ruegsegger v. Western Nm University,* 2007-NMCA-30, ¶ 13, 141 N.M. 306.

A.     **This Court Should Grant Summary Judgment on the Fraud/Fraudulent Transfer Claim Based Upon the Settlement Agreement.**

"New Mexico follows the well-settled rule[] that a representation of future events is not actionable fraud except when there is a misstatement of present intent." *Solomon v. Pendaries Props., Inc.*, 623 F.2d 602, 605 (10th Cir.1980). In this case, the only representation that Plaintiff can cite to are representations related to future events. Plaintiff fails to provide the specificity required by Rule 1-009(B) NMRA. As such on its face, these representations fail to state a claim upon which relief can be granted.

Beyond that, the Settlement Agreement in the case specifically bars any claim for pre-suit

conduct. *See*, Exhibit "A" to Settlement Agreement, at ¶ 5 (Pages 6 and 7 of the Settlement Agreement). The only preserved right was that "to assert non-dischargeability" in bankruptcy. *See, Id.*. Plaintiff cannot claim a lack of knowledge in any way because these transfers were recorded as of record prior to execution of the Settlement Agreement. *See*, NMSA 1978, § 14-9-2 (recording serves "notice to all the world of the existence and contents of the instruments so recorded from the time of recording."). Plaintiff thus has no basis to avoid clearly applicable legal doctrines as well as the clear and unambiguous language of the Settlement Agreement that bars these claims.

In this respect, this case is identical to the New Mexico Court of Appeals' holding in *Branch v. Chamis Development Corporation, Ltd.*; 2009-NMCA-131, 147 N.M. 397. The facts in *Branch* also involved a dispute related to commercial developments and the effect of a Settlement Agreement upon the dispute. The question before the Court of Appeals was whether fraud claims could be brought based upon the release in the Settlement Agreement. The Court of Appeals rejected the plaintiff's claim as to lack of knowledge could still be brought as it was clear that the plaintiff knew the defendant's "representations were questionable." *Id.* at ¶¶ 36 - 37. The Court of Appeals held the fraud claims were precluded as a matter of law. *Id.* at ¶ 39.

In this case, Mr. Crimmins equally was in the same position such that he went to the lengths of reserving the right to object to dischargeability in the Settlement Agreement. *See*, Exhibit "A" to Settlement Agreement, at ¶ 5 (Pages 6 and 7 of the Settlement Agreement)("[i]n reaching the settlement evidenced by this Agreement, [Plaintiff] accept[s] the Payment Obligations, Stipulated Judgment, collection rights and their *preserved right of non-dischargeability* in satisfaction of their existing claims against the Dixson Parties.")(emphasis added). Except for that preserved right, pre-suit conduct is released. *Id.* This Court should grant summary judgment as to the claims for "fraud"

5

and "fraudulent transfer."

**B.     Plaintiff is Estopped from Bringing A Claim for Breach of Contract.**

Plaintiff's third cause of action is for "Breach of Contract." Merger is an equitable doctrine, premised upon the principles of res judicata. *See Ottino v. Ottino*, 2001-NMCA-12, ¶ 18, 130 N.M. 168, *citing Letcher County, Ky. v. DeFoe*, 151 F.2d 987, 991 (6th Cir.1945) ("[The doctrine of merger] is related to the principle of res judicata which precludes the relitigation of the same cause of action."). Merger is "an aspect of res judicata which prevents relitigation of existing judgments." *Brenton State Bank v. Tiffany*, 440 N.W.2d 583, 585 (Iowa 1989).

In this case, as noted above, Plaintiff already has a judgment in Cause No. D-307-CV-2014-01845 for $1,450,000.00. *See*, Exhibit F to Plaintiff's First Amended Complaint. The addition of this Breach of Contract claim was only to provide an attempted avenue for attorney fees when at hearing the Court appeared otherwise inclined to grant the motion for judgment on the pleadings on that issue. Plaintiff cannot re-litigate a claim, however, for which there is already a judgment in place. As a result, this Court should grant summary judgment in favor of Defendants.

## IV.

## CONCLUSION

Plaintiff has a judgment in place for which he is engaged in active collection efforts. That is his current legal remedy, not a case that is explicitly barred by his Settlement Agreement and largely just an effort to tie up Defendants' property interests that were preexisting to the Settlement Agreement being in place. For the reasons set forth above, this Court should grant Defendants' Motion for Summary Judgment, grant reasonable attorney fees for any claims related to the Settlement Agreement or enforcement of the Settlement Agreement, and for such other and further

relief as to the Court may deem just and equitable.

RESPECTFULLY SUBMITTED BY:

MARTIN & LUTZ, P.C.

By /s/ David P. Lutz
David P. Lutz
P.O. Drawer 1837
Las Cruces, NM 88004-1837
(575) 526-2449
(575) 526-0946 (FAX)
Email: dplutz@qwestoffice.net

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he did cause to be sent via first-class mail, a true and correct copy of the foregoing instrument to the following opposing counsel of record on this ___ day of January, 2021.

Casey S. Stevenson
ScottHulse PC
One Jacinto Plaza, Ste. 1100
El Paso, Texas 79901
(915) 533 - 2493
(915) 546 - 8333 (Facsimile)

Counsel for Plaintiff

/s/ David P. Lutz
David P. Lutz