FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
1/25/2021 1:32 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Yessenia J. Canales

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**

DENNIS CRIMMINS, )
   )
   Plaintiff, )
   )
v. ) Case No: D-307-CV-2020-01698
 ) The Honorable James T. Martin
MICHAEL J. DIXSON, )
PDG, INC., and PDG PRESTIGE INC., )
 )
   Defendants. )

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Dennis Crimmins ("Plaintiff"), by and through his counsel of record, Casey S. Stevenson of ScottHulse, PC files this Memorandum in Opposition to Defendants Michael J. Dixson ("Dixson"), PDG, Inc., ("PDG"), and PDG Prestige Inc., ("PDG Prestige") (collectively "Defendants")'s Motion for Summary Judgment (the "Motion").

### PRELIMINARY STATEMENT

The Defendants' misconduct is extraordinary. This action was commenced because Defendants breached a Settlement Agreement, a Forbearance Agreement, and failed to satisfy a Judgment, all of which sought to put to bed litigation between the parties dating back to 2014. That Defendants failed to satisfy the Judgment and breached the two agreements is only a sliver of their wrongdoing. Defendants also made substantial misrepresentations, or errors of fact, *i.e.*, they lied, when they entered into these agreements, including their intentions to pay the settlement and their willingness to transfer property ownership to Plaintiff. Even worse, Defendants furtively and fraudulently transferred properties to entities that they controlled for no equivalent value, all while falsely telling Plaintiff that they still owned those same properties.

1195674.2

YJC

Indeed, if such misrepresentations had not been made this action would not have been filed. And, to be sure, if the properties had been transferred for any value at all we would have a different motion for summary judgment before us – it is a simple defense (transfer for value), but one Defendants do not have in all of their "wheeling and dealing." Having been caught red-handed by Plaintiff, one might expect some contrition. Instead, Defendants doubled down and blame Plaintiff for their wrongdoing by alleging (incredibly and falsely) that Plaintiff knew about their misdeeds all along. Of course, such knowledge, even if true, and Plaintiff denies it is, is not part of the legal analysis in *Defendants'* wrongdoing. The Defendants' Motion is about blame shifting, which, again, is not part of the legal analysis. Defendants have failed to meet their burden of proof.

The premise of Defendants' Motion is that they should suffer no consequences for any of their malfeasance. Defendants attempt to achieve their goals by taking the Court down a path of merriment and wonder. First, Defendants' Motion —quite shockingly— fails to mention genuine issues as to material facts present here. These <u>disputed</u> material facts include: (i) that Defendants lied about their ownership interest in properties they offered Plaintiff as part of the agreements mentioned above; (ii) that Plaintiff had knowledge about those fraudulent transfers; and (iii) that Defendants fraudulently entered into the agreements at issue. Second, Defendants falsely state that Plaintiff's only remedy for breach of the agreements was entering the Judgment. The Judgment is Plaintiff's non-exclusive remedy for Defendants' breach of one of those agreements. And, of course, Plaintiff is entitled to collect that Judgment, which is what the present action seeks – it is hardly a remedy to agree to judgment without the power to collect that judgment. Third, Defendants falsely allege that Plaintiff's fraud claim is based on post-Settlement Agreement frauds. In fact, Plaintiff's amended complaint references frauds committed before, during, and after the execution of the agreements. Defendants have never been able to keep their story straight.

Fourth, Defendants falsely claim that Plaintiff cannot sue based on those transfers because the properties were fraudulently transferred before the 2019 Settlement Agreement. Again, Defendants, either through ignorance or willfully, do not understand the nature of a fraudulent conveyance, i.e., one where a known claim persists but value is not given for a transferred asset. Defendants' judicial admissions throughout their motion make it painfully clear that they intentionally deceived Plaintiff. And, Plaintiff claims that Defendants falsely told Plaintiff they owned those properties and would transfer them to him, but of course, the only transfers were to Defendants' and without value – events that occurred before and during the execution of the agreements.

Finally, Defendants cite cases that have absolutely nothing in common with the case at bar. Indeed, those cases highlight why summary judgment should be denied here.

The above calls into question if Defendants are trying to mislead the Court into granting summary judgment despite the existence of genuine issues of material fact. One charitable explanation is that Defendants misread Plaintiff's amended complaint or the agreements on which it relies. In any event, material factual disputes exist, and as a result, summary judgment should not be granted at this procedural stage.

## RESPONSE TO DEFENDANTS' MATERIAL FACTS

Pursuant to Rule 1-056(D)(2) NMRA, Plaintiff responds to the facts described in Defendants' "Background" section of their Motion (Motion at 2).[1]

1. Plaintiff concedes there is no dispute to Defendants' facts contained in ¶¶1-5.

---

[1] Defendants did not, as they must, provide "a concise statement of the material facts as to which [Defendants'] contend a genuine issue does not exist. Rule 1-056(D)(2) NMRA. The only section of their Motion which presumably sets forth facts is the "Background" section. Although, Defendants do not state that these are undisputed material facts, Plaintiff will address them out of an abundance of caution.

1195674.2                                     3

2. Regarding ¶¶6-7, Plaintiff asserts that the Settlement Agreement speaks for itself and to the extent that Defendants make any assertions that are not consistent with the Settlement Agreement, Plaintiff disputes ¶¶ 6-7.

3. Plaintiff concedes there is no dispute to Defendants' facts contained in ¶¶8-9.

4. Plaintiff disputes the facts contained in ¶10 to the extent they purport to assert that Plaintiff's fraud claims are solely based on the misrepresentations stated in ¶10.

5. Plaintiff denies ¶11 to the extent it alleges that Plaintiff filed an amended complaint to avoid a ruling striking his claim for attorney fees.

## PLAINTIFF'S UNDISPUTED MATERIAL FACTS

1. This case revolves around a Settlement Agreement and a Forbearance Agreement, which Defendants entered into fraudulently. Amended Compl. ¶¶ 15, 17-18, 23-27.

2. The Settlement and Forbearance Agreements resolved a September 2014 lawsuit between the parties. As part of these agreements, the parties agreed to a stipulated judgment (the "Judgment") to be entered by a court if Defendants breached the Settlement Agreement. *Id.* ¶ 15.

3. As part of the Settlement Agreement, Dixson represented that he would transfer certain properties to Plaintiff if he could not make cash payments. Dixson made this offer in or around November 2018 and continued to do so through the executing the Settlement Agreement *Id.* ¶ 17; Crimmins Declaration.

4. Plaintiff entered into the Settlement Agreement relying, in part, on Dixson's representation that he would transfer certain properties to Plaintiff upon default of the Settlement Agreement. Crimmins Declaration.

5. However, Dixson's representations were false and fraudulent as he had already caused those properties to be transferred to entities he controlled for no equivalent value. Amended Compl. ¶¶23-33; Amended Compl., **Exs**. **C**, **D**, and **E**; Crimmins Declaration.

6. Plaintiff had no actual knowledge of these transfers. Crimmins Declaration.

7. Defendants effectuated these transfers to divest themselves of the assets they represented to Plaintiff would satisfy the Judgment. Amended Compl. ¶¶27-36; Crimmins Declaration.

8. Defendants also made those transfers with actual intent to hinder, delay, and defraud Plaintiff. Amended Compl. ¶33; Crimmins Declaration.

9. The entities which received the properties in question did so without any equivalent value. Amended Compl. ¶34; Crimmins Declaration.

10. Entry of the Judgment is not the exclusive remedy available to Plaintiff if Defendants breach the Settlement Agreement. Amended Compl., **Ex. 1**.

## SUMMARY JUDGMENT STANDARD

In evaluating the Defendants' Motion, the Court should be mindful that all reasonable inferences from the evidence must be made in favor of Plaintiff. *Knapp v. Fraternal Order of Eagles*, 1987-NMCA-064, ¶ 7 106 N.M. 11, 738 P.2d 129. As a "drastic" measure, summary judgment is to be used with "extreme caution." *Id*. The standard of review for a motion for summary judgment is whether there are any genuine issues of material fact and whether the moving party is entitled to summary judgment as a matter of law." *Williams v. Cent. Consol. Sch. Dist.,* 1998–NMCA–006, ¶ 7, 124 N.M. 488, 952 P.2d 978. Courts "examine the whole record for any evidence that places a genuine issue of material fact in dispute." *Rummel v. Lexington Ins. Co.,* 1997–NMSC–041, ¶ 15, 123 N.M. 752, 945 P.2d 970. "The party moving for

summary judgment bears the burden of making a prima facie showing that no genuine issue of material fact exists." *Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor,* 115 N.M. 159, 163, 848 P.2d 1086, 1090 (Ct.App.1993).

## ARGUMENT

### A. The Existence of Issues of Material Fact Precludes Summary Judgment

At its core, several material facts are in dispute that renders summary judgment premature. "Summary judgment is inappropriate when there are disputed material facts in the record." *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 24, 335 P.3d 1243, 1250 (internal citations omitted); Rule 1–056(C) ("The judgment sought shall be rendered ... if ... there is no genuine issue as to any material fact."); *see also Parker v. E.I. Du Pont de Nemours & Co.*, 121 N.M. 120, 124, 909 P.2d 1, 5 (Ct.App.1995) (holding that "[a] fact is material for the purpose of determining whether a motion for summary judgment is meritorious if it will affect the outcome of the case.").

Here, there are several genuine disputes of fact. First, is the issue at the heart of Plaintiff's fraud claims. Plaintiff maintains that Defendants entered into the agreements with fraudulent intent. In ¶10 of Defendants' Motion Defendants, rather gingerly, refute that. Defendants state that Plaintiff *alleges* that Dixson represented that he would pay the settlement amounts or transfer properties to Plaintiff. Either this fact is disputed or not, but by calling it into question, Defendants lay bare why their Motion must fail. If the parties cannot agree about Defendants' intent, then a fact finder must decide the issue.

Defendants also misrepresented their ownership in the properties before and when they signed the agreements, another fact disputed by Defendants. *See* Crimmins Declaration. Equally critical to Plaintiff's claims, Plaintiff had no knowledge about those transfers until after the agreements were signed.

1195674.2                                    6

Defendants counter that pursuant to NMSA 1978, §14-9-2, Plaintiff had constructive notice of their fraud. That statutory reading flies in the face of established law. That statute's notice proscription providing notice to "'all the world' has been limited to mean those persons who are bound to search the record, and it is to such persons only that the law imputes constructive notice." *Romero v. Sanchez*, 83 N.M. 358, 492 P.2d 140 (1971). Those bound to search record are generally considered to only include purchasers and encumbrancers. *Id.* Plaintiff is neither. Even assuming Plaintiff falls within the confines of NMSA 1978, §14-9-2 notice, courts have held that fraud victims are not charged with record notice. *Romero*, 83 N.M. at 492. In cases, like here, where one party claims the other had constructive notice of a fraud (alone a shocking argument), courts have held that the issue constitutes a material fact. *Id*. ("[I]f, […] a reasonably prudent person in the exercise of ordinary diligence would have made inquiry as to the state of the record, he is chargeable with knowledge that such inquiry would have revealed from the time that it ought to have been made. *This raises a factual issue for resolution by the trier of the facts.*") (emphasis supplied). Thus, at best, whether record notice defeats Plaintiff's fraud claims remains a question of fact that cannot be settled today.

### B. The Settlement Agreement Does Not Preclude Fraud or Fraudulent Transfer Claims

Defendants ask the Court to dispense Plaintiff's fraud and fraudulent transfer claims because they relate to future events. Motion at 4. Defendants further claim that "the only representation that Plaintiff can cite to are representations related to future events. *Id.* This is patently incorrect. Plaintiff's Amended Complaint alleges that Defendants made false representations about their present intentions, *i.e.*, to comply with the terms of the agreements. Moreover, Defendants' reliance on *Solomon v. Pendaries Properties, Inc.*, 623 F.2d 602, 604 (10th Cir. 1980) is misplaced.

1195674.2           7

The *Solomon* court held that fraud claims could not extend to future promises made after the operative contract was signed. Indeed, the portion quoted by Defendants confirms why the case is inapposite: "[A] representation of future events is not actionable fraud **except when there is a misstatement of present intent**." *Id*. Here, Defendants misrepresented their intent when they entered into the agreements. It is a classic case of fraud in the inducement. As a result, summary judgment must be denied.

    **C.    Plaintiff did not Waive Pre-Agreement Conduct Based on Fraud**

Defendants seek to escape liability claiming that Plaintiff waived Defendants bad acts that pre-dated the Settlement Agreement. Motion at 6. In support Defendants tout *Branch v. Chamisa Dev. Corp.*, 2009-NMCA-131, ¶ 36, 147 N.M. 397, 405, 223 P.3d 942, 950 to support the notion that Plaintiff waived fraud claims. Again the language of the case Defendants cite reveals why it is inapposite. The *Branch* court's holding rests on the fact that "the undisputed facts in the record indicate that Branch knew Chamisa's representations were questionable and his knowledge about these facts imperfect and yet he went ahead with settlement anyway." *Id*. Here, Plaintiff had no knowledge that Defendants were lying to him. *See* Crimmins Declaration. And why would he? Dixson told Plaintiff repeatedly that he owned the properties which he would transfer to Plaintiff in case of nonpayment. *Id*. Similarly, why would Plaintiff question Defendants' representation that they would pay the settlement amounts? This argument, like the rest of Defendants' Motion, asks the court to forgive Defendants' transgressions because Plaintiff should have known he was being fooled. The Court should deny Defendants' attempts to avoid inquiry into the facts of this case and deny summary judgment as a result.

    **D.    Entry of the Judgment is not the Exclusive Remedy Outlined in the Settlement Agreement**

1195674.2    8

Plaintiff's third cause of action is for breach of three contracts: The Settlement Agreement, the Forbearance Agreement, and the Judgment. Defendants argue that they cannot be held liable for breaching those agreements because "Plaintiff cannot re-litigate a claim [..] for which there is already a judgment in place." Motion at 6. Plaintiff is not attempting to re-litigate prior claims. If Defendants will agree to let Plaintiff execute on the transferred properties, or can show the assets received for the transfer of the properties then this case could be resolved quickly. Plaintiff's claims relate to the breach of the payment agreements with Defendants, and fraud in execution of those agreements, and transfer of properties with an intent to defraud creditors, not the 2014 litigation they resolve. As a result, claims that *res judicata* and merger apply are confused, misguided, and wrong. It is a shame that Defendants would try to convince the Court otherwise.

Moreover, none of the agreements limit Plaintiff's remedies in case of a breach. Notably, section 2 of the Settlement Agreement outlines the conditions that must be satisfied before Plaintiff can enter the Judgment. Nowhere in Section 2 does it state that entry of the Judgment is the exclusive remedy. And, the Stipulated Judgment, an agreement itself, calls for the collections of attorney's fees for its collection. That provision could have limited, or even excluded collection of attorney's fees, but it did not and Defendants should be bound by the terms of which they agreed. Finally, Defendants suggest that their agreement to pay attorney's fees is meaningless. But, Defendants are unable to explain why that contract's provision is unenforceable. Accordingly, summary judgment should be denied.

## REQUEST FOR RELIEF

For these reasons, Defendants' Motion should be denied in its entirety, and Plaintiff should be awarded any further or additional relief to which he may be justly entitled.

Respectfully submitted,

        **ScottHulse PC**
One San Jacinto Plaza
201 E. Main Dr., Suite 1100
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 (Telecopier)

By:     */s/ Casey S. Stevenson*
    **Casey S. Stevenson**
Casey.Stevenson@ScottHulse.com
New Mexico State Bar No. 127736
*Attorney For Plaintiff Dennis Crimmins*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he did cause the above instrument and its attachments to be filed electronically with the Court and sent via first-class mail to the following opposing counsel of record this 25th day of January 2021.

David P. Lutz
Martin & Lutz, P.C.
P.O. Drawer 1837
Las Cruces, NM 88004-1837
dplutz@qwestoffice.net

    */s/ Casey S. Stevenson*
**CASEY S. STEVENSON**

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

| | |
|---|---|
| DENNIS CRIMMINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: D-307-CV-2020-01698 |
| ) | The Honorable James T. Martin |
| MICHAEL J. DIXSON, ) | |
| PDG, INC., and PDG PRESTIGE INC., ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF DENNIS CRIMMINS IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

STATE OF NEW MEXICO )
)
COUNTY OF DOÑA ANA )

Dennis Crimmins hereby declares:

1. "My name is Dennis Crimmins. I am over 21 years of age, of sound mind, and am competent to make this declaration. I have personal knowledge of the matters stated herein, and all information herein is true and correct. I am the Plaintiff in the above-captioned case.

2. I make this declaration in further support of my Opposition to Michael J. Dixson ("Dixson"), PDG, Inc., ("PDG"), and PDG Prestige Inc., ("PDG Prestige") (collectively "Defendants")'s Motion for Summary Judgment filed concurrently with this instrument.

3. Following a 2014 lawsuit between Dixon and PDG and related entities involving claims and counterclaims by and against me and entities related to me, the parties settled the lawsuit by entering into a Settlement Agreement dated January 10, 2019.

4. Pursuant to the Settlement Agreement, Dixson promised to pay me $1,500,000 to

settle my claims against him and his related entities.

5. To further induce me into entering into the Settlement Agreement, in November 2018 and through the Settlement Agreement's execution, Dixson agreed to transfer certain properties if he was unable to pay the settlement amount.

6. Dixson further represented to me that he, or PDG, owned the properties he agreed to transfer, including the following three properties:

   i. LOT NUMBERED 9, in Block Numbered A of Rancho Lomas Subdivision, Las Cruces, Dona Ana County, New Mexico, as the Same is Shown and Designated on the Plat of Said Rancho Lomas Subdivision, Filed in the Office of the County Clerk of Dona Ana County, New Mexico, on March 28, 2003, in Plat Book 20, Folio 298-299;

   ii. Lot 1A of Mesilla Valley Mall Subdivision Replat No. 4, located in the City of Las Cruces, Dona Ana County, New Mexico, as the same shown and designated on the plat thereof filed for record in the Office of the County Clerk of Dona [sic] County, New Mexico on March 14, 2001, in Book 19 at Page 608-609 Plat Records; and

   iii. A certain parcel of land situated within Dona Ana Bend Colony Grant in Project Section 16, Township 23 South, Range 2, New Mexico Principal Meridian, City of Las Cruces, Dona Ana County, New Mexico, said parcel lying within Parcel 1-QCD-1 as shown on Right of way and Monumentation map N.M.P. No. IM-TP-025-1(73)03, CN 3130-A, I-25/Lohman Pond Boundary Survey, Plat #4741, recorded June 17, 2008, in Book22, Pages 503-504, and being more particularly described by New Mexico Plane Grid Bearings (Central Zone).

7. Dixson and PDG's representations were false because when they made them (in late 2018 through early 2019), Dixson and PDG no longer owned those properties.

8. In 2018 and early 2019, while I was negotiating the Settlement Agreement with Dixson, I did not know that he or PDG did not own the properties mentioned above. I also had no knowledge that Dixson and/or PDG had caused those properties to be transferred to entities Dixson controls for no equivalent value.

9. Defendants effectuated these transfers to divest themselves of the assets they

2

represented to me would satisfy the Judgment that the parties agreed would be entered if Dixson and PDG did not pay the amounts owed under the Settlement Agreement.

10. Defendants made those property transfers with actual intent to hinder, delay, and defraud me.

11. The entities that received the properties described above did not receive any equivalent value.

12. I declare under penalty of perjury that the foregoing is true and correct."

Date: 1-25-21

_____
DENNIS CRIMMINS