FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
2/2/2021 6:45 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Josephina Gomez

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

DENNIS CRIMMINS,

    Plaintiff,

vs.

MICHAEL J. DIXSON,
PDG, INC, and PDG PRESTIGE, INC.,

    Defendants.

Case No. D-307-CV-2020-01698
The Honorable James T. Martin

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendants Michael J. Dixson, PDG., Inc. and PDG Prestige, Inc., by and through its attorneys of record, Martin & Lutz, P.C., by David P. Lutz, and file this Reply in Support of Motion for Summary Judgment.

### I.

### INTRODUCTION

The grounds for Defendant's Motion for Summary Judgment are very straightforward. Michael Dixson, PDG, Inc. and Dennis Crimmins entered into a clear and unambiguous Settlement Agreement that both indicates that it constitutes the "Entire Agreement" between the parties and releases all presuit conduct. These clear and ambiguous provisions are enforceable to prevent the claims of "fraud" and "fraudulent transfer" being asserted by Plaintiff in this matter. As to Plaintiff's third cause of action, newly inserted into the First Amended Complaint in direct response to this Court's ruling on the Motion for Partial Judgment on the Pleadings as to attorney fees, the doctrine of merger prevents Plaintiff from suing on alleged breach of an agreement where Plaintiff has already obtained a judgment.

Plaintiff's response (which is more a non-response) fails to address the clear and unambiguous language of the Settlement Agreement at all. Instead, Plaintiff tries to argue in favor of a different agreement than the one that exists, alleging some kind of side agreement to transfer properties that finds no basis in the language of the Settlement Agreement. This attempt is contrary to the clear terms of the Settlement Agreement that includes an integration clause. Additionally, Plaintiff's half-hearted attempt to distinguish *Branch v. Chamisa Development Corporation, Ltd.*; 2009-NMCA-131, 147 N.M. 397 is unavailing because the Settlement Agreement specifically carves out a claim for non-dischargeability based upon prior claims of fraud by Plaintiff. Plaintiff cannot now claim that he stands in a different position than the plaintiff in *Branch* who equally was bound to a release. This case decision is directly on point and dispositive. Finally, Plaintiff's response to the black-law letter law doctrine of merger/res judicata is to argue a novel "breach of judgment" claim without any legal authority. Plaintiff cannot sue on the settlement agreement twice.

The parties' Settlement Agreement specifically bars him from collecting it in the manner in which he is attempting to do so in this case. In fact, his claims herein require Defendants Michael Dixson and PDG, Inc. to enforce the Settlement Agreement against him. This Court should decline Mr. Crimmins' efforts to rewrite the Settlement Agreement contrary to New Mexico law. He will have to find a different way to collect upon his judgment. This Court should grant summary judgment in favor of the Defendants.

## II.

## ARGUMENTS AND AUTHORITIES

Plaintiff's attempted evidence and argument to alter the terms of the Settlement Agreement should be rejected by this Court. The Settlement Agreement is clear and unambiguous and, just as in *Branch*, should be applied. Plaintiff cites no authority to prevent dismissal of the repeated claim for "Breach of a Settlement Agreement" for which he has already obtained judgment.

A. **The New Mexico Court of Appeals Decision in *Branch* is Directly on Point, and Plaintiff Cannot Use His Claims of "Fraud/Fraudulent Transfer" to Rewrite the Settlement Agreement.**

Plaintiff's summary judgment evidence indicates that "[p]ursuant to the Settlement Agreement, Dixson promised to pay me $1,500,000 to settle my claims against him and his related entities." *See*, Declaration of Dennis Crimmins in Support of His Opposition to Defendants' Motion for Summary Judgment, at ¶ 4. This agreement certainly is contained within the Settlement Agreement, and Plaintiff has a judgment related to the payment obligation in Cause No. D-307-CV-2014-01845 for $1,450,000.00. Plaintiff next argues, however, that "[t]o further incude me into entering into the Settlement Agreement, in November 2018 and through the Settlement Agreement's execution, Dixson agreed to transfer certain properties if he was unable to pay the settlement amount." *See, Id.* at ¶ 5. Based on these statements in his Declaration, Plaintiff attempts to argue that Defendants "misrepresented their ownership in the properties before and when they signed the agreements." *See*, Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, at 6.

The Settlement Agreement does not contain any requirement whatsoever calling for Mr. Dixson to disclose properties or transfer property. In fact, the Settlement Agreement states the exact

opposite. It provides that "[b]y virtue of the parties' participation in the Lawsuit and the Arbitration Proceeding, including extensive discovery in each, the parties are fully aware of the claims and defense respectively asserted therein and therefore enter into this Agreement based upon their respective personal knowledge and information." *See,* Exhibit "A" to Settlement Agreement, at p. 2.

The Settlement Agreement between Plaintiff and Defendants Michael Dixson and PDG, Inc. further states the following:

8.2     **Entire Agreement.**   This Agreement, and those documents executed concurrently herewith and specifically reference herein, comprise the entire agreement and understanding of the parties.

*See,* Exhibit "A" to Settlement Agreement, at ¶ 5 (See Page 8 of the Settlement Agreement).

Finally, the Settlement Agreement also clearly and unambiguously releases all pre-suit conduct with the noted exception of the preserved right of Mr. Crimmins to challenge right of non-dischargeability based upon fraud:

5.     **Waiver of Additional Claims and amounts.** In reaching the settlement evidenced by this Agreement, [Plaintiff] accept[s] the Payment Obligations, Stipulated Judgment, collection rights and their preserved right of non-dischargeability in satisfaction of their existing claims against the Dixson Parties, whether known or unknown, arising from any occurrences, events or conduct pre-dating this Agreement, thereby waiving and releasing their right to pursue any such other claims except as set forth herein including, without limitation, the right to object to dischargeability in bankruptcy or reorganization based on fraud. Therefore, exception for the Payment Obligations and any other obligations and rights set forth herein, the Dixson Parties and their affiliated entities, on

4

the one hand, and the Crimmins Parties [including Plaintiff] and their affiliated entities, on the other hand, do hereby mutually release one another, and their respective agents, servants, employees, representatives, attorneys, successors, and assigns, of and from all other claims of any kind relating to or arising from their prior business relationships or dealings and from any other claims arising from events or conduct predating this agreement." *See*, Exhibit "A" to Plaintiff's First Amended Complaint, at ¶ 5 (Pages 6 and 7 of the Settlement Agreement).

Settlement Agreements are a form of contract that are particularly important. New Mexico has a strong policy of favoring and enforcing settlement agreements. *See, Builders Contract Interiors, Inc. v. Hi-Lo Industries, Inc.*, 2006-NMCA-53, ¶¶ 7 - 8. In *Branch v. Chamisa Development Corporation, Ltd.*; 2009-NMCA-131, 147 N.M. 397, the Court of Appeals determined that an identical release on presuit conduct applied to claims of fraud and fraudulent inducement. As in *Branch*, Plaintiff has not returned what he has received from the Settlement Agreement to claim rescission. The question before this Court is whether like the plaintiff in *Branch*, the release of the fraud claims in the Settlement Agreement applies.

In response, Plaintiff attempts to argue that he is different from the Plaintiff in *Branch* because "he had no knowledge that Defendants were lying to him" and that he should not have known "he was being fooled." *See*, Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, at 8. The clear and unambiguous language of the Settlement Agreement that the Court must apply states the exact opposite. The Settlement Agreement specifically points out that Plaintiff had sued Mr. Dixson for fraud and that the settlement amounts amount to compensation for that fraud. *See*, Exhibit "A" to Plaintiff's First Amended Complaint, at ¶ 4 (Pages 5 and 6 of the Settlement Agreement). The parties thus agreed in the Settlement Agreement to carve

out that Plaintiff could not receive a discharge in bankruptcy but importantly did not carve out any other actions. *See*, Exhibit "A" to Plaintiff's First Amended Complaint, at ¶ 5 (Pages 6 and 7 of the Settlement Agreement). The arguments of counsel, which of course are not evidence, that Mr. Crimmins could somehow be duped by Mr. Dixson after he had already sued him for over a million dollars for fraud that endured years of litigation have no merit. The plain language of the Settlement Agreement as to the prior claims of fraud place Mr. Crimmins squarely within the Court of Appeals holding in *Branch*. The plain language of the Settlement Agreement bars Mr. Crimmins' claims.

Because of the plain language of the Settlement Agreement applies, Plaintiff's discussion of present intent is irrelevant. It bears noting, however, that the transfer of the properties alleged would have constituted a future act and promise that fit squarely within the rule that fraud cannot be based upon future events. Plaintiff's reliance on *Romero v. Sanchez*, 83 N.M. 358, 492 P.2d 140 (1971) is equally misplaced because Plaintiff was in the position of a judgment encumbrancer by virtue of the Settlement Agreement. The transactions in question were fully public. Plaintiff is a sophisticated party who has no basis to claim fraud or fraudulent inducement. This Court should grant summary judgment.

**B.     Plaintiff Presents No Authority to Support Suing on a Claim for Which He Already has A Judgment.**

With respect to the breach of contract claim, Plaintiff presents no legal authority in support of his position. It has long been the law in New Mexico that this Court does not need to review arguments made without authority. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule.").

Under the doctrine of res judicata, a prior judgment on the merits bars a subsequent suit involving the same parties or privies based on the same cause of action. *Myers v. Olson*, 1984-NMSC-15, 100 N.M. 745, 676 P.2d 822 (N.M. 1984). This doctrine applies even in the context of stipulated judgments and consent judgments. *See, Id., citing,* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 4443 (1981).

Plaintiff's only argument against the black-letter law application of the doctrine of merger is some claim that there is a cause of action for "breach of Judgment." Again, Plaintiff cites no authority for the claim that a cause of action can be brought when a judgment is in place. This Court should grant summary judgment.

## IV.

## CONCLUSION

Most of Plaintiff's response amounts to unsubstantiated pages and pages of discussion about how terrible Defendants or how "shocking" the claims being made are without addressing the question at issue. The parties have a binding Settlement Agreement that governs their rights and remedies. Plaintiff does not argue it is unclear or ambiguous. Plaintiff does not argue that the causes of action fall outside the release language. New Mexico law requires this Court to enforce the Settlement Agreement, not to rewrite it as Plaintiff alleges so that his path to collection will be different than what the law currently allows. For the reasons set forth above, this Court should grant Defendants' Motion for Summary Judgment, grant reasonable attorney fees for any claims related to the Settlement Agreement or enforcement of the Settlement Agreement, and for such other and further relief as to the Court may deem just and equitable.

RESPECTFULLY SUBMITTED BY:

MARTIN & LUTZ, P.C.

By /S/David P. Lutz
David P. Lutz
P.O. Drawer 1837
Las Cruces, NM 88004-1837
(575) 526-2449
(575) 526-0946 (FAX)
Email: dplutz@qwestoffice.net

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he did cause to be sent via first-class mail, a true and correct copy of the foregoing instrument to the following opposing counsel of record on this 2nd day of February, 2021.

Casey S. Stevenson
ScottHulse PC
One Jacinto Plaza, Ste. 1100
El Paso, Texas 79901
(915) 533 - 2493
(915) 546 - 8333 (Facsimile)

Counsel for Plaintiff

/S/David P. Lutz
David P. Lutz