UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case Number 21-30107-hcm |
| | ) | |
| PDG PRESTIGE, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## OBJECTION OF NEW MEXICO REAL ESTATE ADVISORS, INC. TO DISCLOSURE STATEMENT DATED NOVEMBER 3, 2021

TO THE HONORABLE H. CHRISTOPHER MOTT,
UNITED STATES BANKRUPTCY JUDGE:

**New Mexico Real Estate Advisors, Inc. d/b/a Colliers International** ("*Colliers*"), a creditor in this case, object pursuant to 11 U.S.C. Section 1125 and Federal Rule of Bankruptcy Procedure 3017 to the Disclosure Statement in Support of Plan of Reorganization of PDG Prestige Inc. Dated November 3, 2021 ("*Disclosure Statement*") (docket #95), and as its objections will respectfully show the Court as follows:

1. PDG Prestige, Inc., the Debtor and Debtor in Possession, filed the Disclosure Statement on November 4, 2021.

2. The Debtor is indebted to Colliers pursuant to an Exclusive Right to Lease Listing Agreement (the "*Agreement*"). Pursuant to the Agreement, Colliers is entitled to a 6% commission for leasing the Debtor's real property (referred to as the "Subject Property" in the Disclosure Statement). Colliers procured five ground and strip center leases and earned commissions totaling $337,725.36.

3. On January 25, 2021 Colliers recorded four Claim and Notice of Liens ("*Lien Notices*") in the Real Property Records of Dona Ana County, New Mexico. The Lien Notices were recorded pursuant to NMSA §48-12-1 *et seq*. The Lien Notices placed liens totaling $242,579.60 on the Debtor's approximate 3.29 acre parcel in Las Cruces, New Mexico (the "*Property*"). The balance of Colliers' claim was earned post-petition.

4. On March 26, 2021 the Debtor filed its Motion of Debtor to (I) Enter Into Debtor Possession Credit Agreement, (II) Grant Priming Liens Under Code Sec. 364(D), and (III) Provide Related Relief ("*Financing Motion*") (docket #24). On April 12, 2021 the Court entered its Final Order Granting Motion of Debtor to (I) Enter Into Debtor Possession Credit Agreement, (II) Grant Priming Liens Under Code Sec. 364(D), and (III) Provide Related Relief ("*Financing Order*"). Paragraph 26 of the Financing Order provides in part as follows:

> "With respect to New Mexico Real Estate Advisors, Inc. d/b/a Colliers International (together, "NMREA"), the following shall apply.
>
>     a.    With the initial advance under the Budget, the Debtor is authorized and directed to pay New Mexico Real Estate Advisors, Inc, ("NMREA") the amount of $168,862.00.
>
>     b.    Upon receipt of $168,862.00 NMREA shall execute and deliver to the Debtor a release of any and all liens of NMREA in, or, against any property of the Debtor and/or the DIP Collateral.
>
>     c.    An additional sum of $188,862.68 will be escrowed with a mutually agreeable third party (the "Escrow Fund"), which escrow amount will be funded by equal contributions during weeks 1-6 of Budget from funds advanced under DIP Loan.

5. The Debtor paid the initial installment of $168,862.00 and Colliers released its Lien Notices as required by the Financing Order. However, the Debtor has failed to fund the Escrow Fund in whole or in part.

6. Section 1125 of the Bankruptcy Code requires that prior to solicitation of votes on its plan of reorganization by a debtor, the bankruptcy court must conduct a hearing upon the adequacy of the disclosure statement. A disclosure statement is adequate if it contains information of a kind and in sufficient detail so that a creditor can make an informed judgment about the plan of reorganization.

7. Colliers objects to the Disclosure Statement on the following grounds:

    a.    <u>Development of the Subject Property</u>. Section 6.1 of the Disclosure Statement states the Plan will be funded "by the continued development, refinance, and/or sale of the Subject Property". The development plan and status of development of the Subject Property should be explained in more detail. The Disclosure Statement should

        disclose anticipated timing of completion of the project, what funds were spent with DIP Financing proceeds and what those funds were used for, and what expenses remain. The Disclosure Statement should disclose whether additional funding will be required and, if so, what type of funding will be sought and the likelihood of securing such funding.

b.     <u>Sale of the Subject Property</u>. The Disclosure Statement suggest the Subject Property may be sold. The Disclosure Statement should disclose sale efforts made to date and specifics on timing and necessity of selling.

c.     <u>Refinance of the Subject Property</u>. According to the Disclosure Statement the Debtor's DIP Loan matures on January 9, 2022. The Disclosure Statement should disclose information about the Debtor's efforts to and likelihood of obtaining new financing.

d.     <u>Value of the Subject Property</u>. In its Financing Motion the Debtor sought DIP Financing which included approximately $2,900,000.00 to pay existing secured debt on property valued at $4,700,000.00 and approximately $1,800,000.00 to be used for development of the Subject Property. According to the Disclosure Statement the Debtor now owes Legalist $5,200,000.00 and the Subject Property is now valued at $5,500,000.00. The Disclosure Statement should disclose the basis for the Debtor's current valuation of the Subject Property and explain the reason for the loss of equity that has occurred during this case.

e.     <u>Crimmins Adversary:</u> Section 3.4.2 of the Disclosure Statement describes the Crimmins Adversary as pending. Information should be given about the claims being made and potential impact of an adverse judgment on the Debtor's ability to perform on the Plan.

f. <u>The Gateway Ventures, LLC.</u> In Section 3.1 of the Disclosure Statement the Debtor states it is the majority owner of The Gateway Ventures, LLC. According to Exhibit PDG302 of the Disclosure Statement the value is "TBD". In its Statement of Financial Affairs the Debtor stated it paid The Gateway Ventures, LLC $1,200,000.00 in 2020. The Disclosure Statement should disclose the value of the Debtor's equity and what return it anticipates on its payment.

g. <u>Failure to Fund the Escrow Fund.</u> As noted above, the Debtor has failed to fund an escrow fund required by this Court in its Financing Order. The Disclosure Statement should disclose that the Debtor has failed to fund the required escrow, explain why the Debtor has failed to fund, and disclose when and how the Debtor will comply with the requirement of the Financing Order to fund.

h. <u>Status of Leases Procured by Colliers.</u> Colliers procured five ground and strip center leases for the Debtor. The Disclosure Statement should disclose the status of these and other leases for the Subject Property, including their anticipated commencement dates.

i. <u>Colliers' Claim</u>. Pursuant to its Exclusive Right to Lease Listing Agreement Colliers has earned its full commission. Further, due to the bankruptcy filing the due date for its earned commissions has been accelerated and Colliers holds a claim that should be paid immediately. The Disclosure Statement should disclose why the Debtor asserts the claim is "contingent, disputed, setoffs" and when the claim will be paid.

WHEREFORE, New Mexico Real Estate Advisors, Inc. d/b/a Colliers International pray that the Court sustain this Objection, that the Disclosure Statement not be approved in its current form, and for such other and further relief to which it is justly entitled.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)
Attorneys for Colliers International

By: ___/s/ James W. Brewer___
James W. Brewer
State Bar Number 02965200

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Objection was delivered by first class U.S. mail to the parties on the attached list on November 12, 2021.

/s/ James W. Brewer
James W. Brewer

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-3<br>Case 21-30107-hcm<br>Western District of Texas<br>El Paso<br>Fri Nov 12 10:04:42 CST 2021 | PDG Prestige, Inc.<br>780 N Resler Drive, Suite B<br>El Paso, TX 79912-7196 | U.S. BANKRUPTCY COURT<br>511 E. San Antonio Ave., Rm. 444<br>EL PASO, TX 79901-2417 |
| City Bank<br>c/o Brad W. Odell<br>Mullin Hoard and Brown, LLP<br>P.O. Box 2585<br>Lubbock, Texas 79408-2585 | City Bay Capital LLC<br>Benjamin Joelson, Esq.<br>Akerman LLP<br>1251 Avenue of the Americas, 37th Floor<br>New York, NY 10020-1104 | City of El Paso<br>c/o Don Stecker<br>112 E. Pecan St. Suite 2200<br>San Antonio, TX 78205-1588 |
| CityBank<br>c/o Brad O'Dell<br>Mullin Hoard Brown<br>1500 Broadway St #700<br>Lubbock, TX 79401-3169 | Comptroller of Public Accounts<br>C/O Office of the Attorney General<br>Bankruptcy - Collections Division MC-008<br>PO Box 12548<br>Austin TX 78711-2548 | DENNIS CRIMMINS<br>c/o CASEY S STEVENSON & JAMES M FEUILLE<br>SCOTTHULSE PC<br>PO BOX 99123<br>EL PASO TX 79999-9123 |
| Dennis Crimmins<br>c/o Casey S. Stevenson<br>Scott Hulse<br>201 East Main Drive #1100<br>El Paso, TX 79901-1340 | Dona Ana County Treasurer<br>845 N Motel Blvd.<br>Las Cruces, TX 88007-8100 | Gallardo<br>2701 W Picacho Ave, Ste 6<br>Las Cruces, NM 88007-4732 |
| HD Lending, LLC<br>c/o Clyde A. Pine, Jr.<br>Mounce, Green, Myers<br>P.O. Box 1977<br>El Paso, Texas 79999-1977 | Internal Revenue Service<br>Special Procedures Staff - Insolvency<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | Michael Dixson<br>780 N. Resler Drive Suite B<br>El Paso, TX 79912-7196 |
| New Mexico Real Estate Advisors Inc d/b/<br>5051 Journal Center Boulevard NE<br>Suite 200<br>Albuquerque, NM 87109-5914 | New Mexico Real Estate Advisors, Inc.<br>d/b/a Colliers International<br>c/o Kemp Smith LLP<br>Attn: James W. Brewer<br>221 N. Kansas, Ste. 1700<br>El Paso, TX 79901-1401 | PDG Inc.<br>780 N. Resler Drive Suite B<br>El Paso, TX 79912-7196 |
| Springer Management<br>c/o Tom Springer<br>500 S. Telshor Blvd.<br>Las Cruces, TX 88011-4613 | Suresh Kumar<br>c/o Harrel Davis<br>4695 North Mesa<br>El Paso, TX 79912-6150 | Suresh Kumar<br>c/o Harrel L. Davis<br>P.O. Box 1322<br>El Paso, TX 79947-1322 |
| TEXAS WORKFORCE COMMISSION<br>OFFICE OF ATTORNEY GENERAL-Bankruptcy&Co<br>PO BOX 12548 - MC-008<br>AUSTIN, TX 78711-2548 | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | Westar Investors Group LLC<br>c/o Michael R. Nevarez<br>The Nevarez Law Firm, P.C.<br>P.O. Box 12247<br>El Paso, TX 79913-0247 |
| Jeff Carruth<br>Weycer Kaplan Pulaski & Zuber, P.C.<br>24 Greenway Plaza, #2050<br>Houston, TX 77046-2445 | Jeff Carruth<br>Weycer, Kaplan, Pulaski & Zuber, P.C.<br>3030 Matlock Rd. Suite 201<br>Arlington, TX 76015-2936 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)TEXAS WORKFORCE COMMISSION          End of Label Matrix
OFFICE OF ATTORNEY GENERAL-Bankruptcy&Co   Mailable recipients   25
PO BOX 12548 - MC-008                  Bypassed recipients    1
AUSTIN, TX 78711-2548                  Total                 26
```