**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 21-30071 |
| PDG PRESTIGE INC. | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

## NOTICE OF PROPOSED CONFIRMATION ORDER REDLINE

**TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:**

PDG PRESTIGE, INC. debtor and debtor in possession provides to the Court, creditors, and parties in interest a redline of the changes to the proposed confirmation order resulting from the March 30, 2022 hearing.

Dated: March 31, 2022

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: _/s/ Jeff Carruth_
JEFF CARRUTH (TX SBN:. 24001846)
3030 Matlock Rd., Suite 201
Arlington, Texas 76105
Telephone: (713) 341-1158
Fax: (866) 666-5322
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR PDG PRESTIGE, INC.,
DEBTOR AND DEBTOR IN POSSESSION

**NOTICE OF PLAN REDLINE — Page 1 of 2**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the date specified in the file stamp above by electronic notice to all ECF users who have appeared in this case to date.

_____/s/ Jeff Carruth_____
Jeff Carruth

**21-30107-hcm Notice will be electronically mailed to:**

Steven B. Bass on behalf of Creditor United States of America Internal Revenue Service
Steven.Bass@usdoj.gov, tina.travieso@usdoj.gov

James W. Brewer on behalf of Creditor New Mexico Real Estate Advisors, Inc. d/b/a Colliers International
jbrewer@kempsmith.com, tschoemer@kempsmith.com

Jeff Carruth on behalf of Debtor PDG Prestige, Inc.
jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Harrel L. Davis, III on behalf of Creditor Suresh Kumar
hdavis@eplawyers.com,
vrust@eplawyers.com;vpena@eplawyers.com

James Michael Feuille on behalf of Creditor Dennis Crimmins
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Plaintiff Crimmins Family Limited Partnership
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Plaintiff MDDC Investments, LLC
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Plaintiff White Sands Construction, Inc.
jfeu@scotthulse.com, tmar@scotthulse.com

James Michael Feuille on behalf of Plaintiff Dennis Crimmins
jfeu@scotthulse.com, tmar@scotthulse.com

Fred Kennon on behalf of Creditor Dona Ana County Treasurer
fredk@donaanacounty.org

David P. Lutz on behalf of Defendant PDG Prestige, Inc.
dplutz@qwestoffice.net

David P. Lutz on behalf of Defendant PDG, Inc.
dplutz@qwestoffice.net

David P. Lutz on behalf of Defendant Michael J Dixson
dplutz@qwestoffice.net

Michael R. Nevarez on behalf of Interested Party Westar Investors Group, LLC
MNevarez@LawOfficesMRN.com,
MRN4Bankruptcy@gmail.com

Brad W. Odell on behalf of Creditor City bank
bodell@mhba.com,
memert@mhba.com;mreynolds@mhba.com;bwodellscvtxw@ecf.axosfs.com

David W. Parham on behalf of Creditor City Bay Capital LLC
david.parham@akerman.com,
esther.mckean@akerman.com;david.clark@akerman.com;kristen.mcdonald@akerman.com;rick.boepple@akerman.com;teresa.barrera@akerman.com

Clyde A. Pine, Jr. on behalf of Creditor HD Lending, LLC
pine@mgmsg.com, clyde.pine@gmail.com

James W Rose, Jr on behalf of U.S. Trustee United States Trustee - EP12
james.rose@usdoj.gov,
carey.a.tompkins@usdoj.gov;Roxana.peterson@usdoj.gov;aubrey.thomas@usdoj.gov;omar.e.jones@usdoj.gov

Don Stecker on behalf of Creditor City Of El Paso
don.stecker@lgbs.com

Casey Scott Stevenson on behalf of Creditor Dennis Crimmins
cste@scotthulse.com, cmac@scotthulse.com

Casey Scott Stevenson on behalf of Plaintiff Crimmins Family Limited Partnership
cste@scotthulse.com, cmac@scotthulse.com

Casey Scott Stevenson on behalf of Plaintiff MDDC Investments, LLC
cste@scotthulse.com, cmac@scotthulse.com

Casey Scott Stevenson on behalf of Plaintiff White Sands Construction, Inc.
cste@scotthulse.com, cmac@scotthulse.com

Casey Scott Stevenson on behalf of Plaintiff Dennis Crimmins
cste@scotthulse.com, cmac@scotthulse.com

United States Trustee - EP12
USTPRegion07.SN.ECF@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 21-30107 |
| PDG PRESTIGE, INC. | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**ORDER CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION PDG PRESTIGE, INC. DATED MARCH 29, 2022 AS MODIFIED (RE: DOCKET NO. ──)145)**

On March 30, 2022, the Court conducted a hearing and considered confirmation of the

*Plan of Reorganization of PDG Prestige, Inc. Dated November 3, 2021* (Docket No. 94) (the "Initial Plan"), as amended by the

*First Amended Plan of Reorganization of PDG Prestige, Inc. Dated January 17, 2022* (Docket No. 110) and the as amended by the

*Second Amended Plan of Reorganization of PDG Prestige, Inc. Dated March 29, 2022* (Docket No. 141──), and as modified by the

*Second Amended Plan of Reorganization of PDG Prestige, Inc. Dated March 29, 2022, as Modified* (Docket No. 145) (the "Plan")

---

**ORDER CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION PDG PRESTIGE, INC. DATED MARCH 29, 2022, AS MODIFIED (RE: DOCKET NO. ──)145) — Page 1** order confirm plan PDPG (2109224-4x1071EA) 002<s>2109224.DOC</s>

filed herein by PDG Prestige, Inc. ("PDGP" or the "Debtor"), which final confirmed Plan is attached hereto and incorporated by reference herein as **Exhibit PDGP499**, and which Plan is and/or was supported by the:

*First Amended Disclosure Statement (as Corrected) In Support of First Amended Plan of Reorganization of PDG Prestige Inc. Dated January 17, 2022* (Docket No. 116) (the "Disclosure Statement"), and the

*First Supplement to Chapter 11 Plan and Disclosure Statement Regarding Retained Claims and Causes of Action* (Docket No. 126).

After reviewing the Plan, taking judicial notice of all appropriate papers and pleadings on file in this Chapter 11 case, considering the testimony, and other evidence presented, and hearing the arguments of counsel at the hearing to consider the adequacy of the Disclosure Statement confirmation of the Plan (together the "Confirmation Hearing"), the Court FINDS:

A. All capitalized terms not defined herein shall have the same meaning as ascribed to such terms in the Plan.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157.

C. Venue in this District for this proceeding is proper pursuant to 28 U.S.C. §§1408 and 1409.

D. This matter involves, *inter alia*, the administration of the estate, the allowance and disposition of certain claims, the adjudication of the relative rights of parties, and the discharge of the Debtor, and other release and exculpation provisions, all as embodied in and implemented by virtue of the Plan and confirmation of the Plan. Accordingly, the matters determined herein constitute a core proceeding under 28 U.S.C. §§157(b)(2)(A), (B), (L), and (O), without limitation.

E. The Debtor commenced this case on February 15 2, 2021, by filing a voluntary petition.

F. Since the entry of the Order of Relief, Debtor has continued its operations and managed its affairs as debtor in possession pursuant to §§1107 and 1108 of the United States Bankruptcy Code, Title 11 of the United States Code, 11 U.SC. §101 et seq. (the "Code").

G. On November 3, 2021, the Debtor filed the Initial Plan and sought conditional approval of the Disclosure Statement.

H. On January 20, 2022, the Court entered an order (Docket No. 118) approving the Disclosure Statement (the "Disclosure Statement Order") and permitting solicitation of the Initial Plan.

I. The Plan, the Disclosure Statement, the Disclosure Statement Order, the notice of the Confirmation Hearing, and the official ballots for voting for or against confirmation of the

**ORDER CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION PDG PRESTIGE, INC. DATED MARCH 29, 2022, AS MODIFIED (RE: DOCKET NO. ——) 145) — Page 2** order confirm plan PDPG (2109224-4x1071EA) 002 2109224.DOC

Plan (the "Solicitation Package") were duly and timely served upon the known members or potential members of all impaired Classes in accordance with the Disclosure Statement Order.

J. Service of the Solicitation Package constituted adequate and sufficient notice of the Plan, the voting deadline, the objection deadline, and the Confirmation Hearing, and no other or further notice is or shall be required.

K. Various objections to the Plan or the Disclosure Statement were filed or otherwise received prior to the Confirmation Hearing. All such objections have been withdrawn prior to or at the Confirmation Hearing or are otherwise overruled by this Order.

L. The Disclosure Statement contains adequate information within the meaning of Code § 1125.

M. Based upon the Ballots submitted to the Court, the announcements made into the record, and the contents of the Plan, all holders of all Claims and Interests addressed in the Plan are either unimpaired and thus are deemed to accept the Plan or have accepted the Plan.

N. The solicitation of acceptances or rejections has been conducted pursuant to and in compliance with Code § 1125.

O. The Plan complies with all applicable provisions of Code §§ 1122, 1123, and 1124.

P. Specifically, in addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates six (6) classes of Claims and Interests, each as defined in the Plan. Classes are appropriately designated as impaired or unimpaired, as the case may be. The Claims or Interests placed in each such Class are substantially similar to other Claims or Interests, as the case may be, in such Class. The classification scheme of the Plan complies with Code §§1122 and 1123(a).

Q. The Plan provides adequate and proper means for its implementation, thereby satisfying Code § 1123(a)(5).

R. The Plan complies with the applicable provisions of the United States Bankruptcy Code, thereby satisfying Code § 1129(a)(1).

S. The Plan proponents have complied with all applicable provisions of the Bankruptcy Code, thereby satisfying Code § 1129(a)(2). Specifically, the Debtor is a proper debtor under Code § 109 and has properly complied with the Bankruptcy Code and applicable rules in propounding the Plan and Disclosure Statement and in soliciting and tabulating votes on the Plan.

T. The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying Code § 1129(a)(3).

U. Any payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 case or in connection with the Plan

**ORDER CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION PDG PRESTIGE, INC. DATED MARCH 29, 2022, AS MODIFIED (RE: DOCKET NO. ——)145) — Page 3**order confirm plan PDPG (2109224-4x1071EA) 002<s>2109224.DOC</s>

and incident to such Chapter 11 case have been approved by, or are subject to the approval of, this Court as to reasonableness, thereby satisfying Code § 1129(a)(4).

V. The identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as a director, officer, trustee, or administrator of the Debtor has been disclosed prior to or in connection with confirmation of the Plan, thereby satisfying Code § 1129(a)(5)(A)(i). The assumption of office of such directors, officers, trustees, or administrators as applicable is consistent with the interests of creditors and with public policy, thereby satisfying Code § 1129(a)(5)(A)(ii). The identity of any insider that will be employed or retained by the Reorganized Debtor and the nature of any compensation for each such insider has been disclosed prior to or in connection with confirmation of the Plan, thereby satisfying Code § 1129(a)(5)(B).

W. The Plan does not propose to change or alter any rates which are under the authority of any governmental regulatory commission, thereby satisfying Code § 1129(a)(6).

X. With respect to each impaired Class of Claims, each holder of a Claim in such impaired Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim, property of a value, as of the Effective Date (as defined in the Plan), that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date, thereby satisfying Code § 1129(a)(7)(A) and Code § 1129(a)(7)(B) is inapplicable.

Y. All impaired classes under the Plan have accepted the Plan pursuant to the criteria of Code § 1126, thereby satisfying Code § 1129(a)(8).

Z. No impaired class or holder of an impaired claim is discriminated against unfairly in the Plan.

AA. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such claim or is provided different treatment in this Confirmation Order, the Plan provides that, (a) as to each Claim of a kind specified in Code §§ 507(a)(2) or 507(a)(3), the holder of such Claim will receive on account of such Claim, on the Effective Date of the Plan, cash equal to the allowed amount of such Claim, in satisfaction of Code § 1129(a)(9)(A); (b) with respect to a Class of Claims of a kind specified in Code §§ 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7), each holder of a Claim in such Class will receive treatment comporting with the provisions of Code § 1129(a)(9)(B); and (c) with respect to a Claim of a kind specified in § 507(a)(8) of the Bankruptcy Code, the holder of such Claim in such class will receive treatment comporting with the provisions of Code § 1129(a)(9)(C) (or Code § 1129(a)(9)(D) if applicable), thereby satisfying Code § 1129(a)(9).

BB. At least one Class of Claims impaired under the Plan has accepted the Plan, determined without including any acceptances of the Plan by any insider, thereby satisfying Code § 1129(a)(10).

CC. The Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation of the Debtor or the need for further reorganization of the Debtor, other than any liquidation or reorganization proposed in the Plan, thereby satisfying Code § 1129(a)(11).

DD. All fees payable under 28 U.S.C. §1930, as determined by this Bankruptcy Court, have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan, thereby satisfying Code § 1129(a)(12).

EE. The requirements of Code § 1129(a)(13) are not applicable to this Debtor.

FF. No garnishments or other orders pertaining to domestic support obligations exist as to the Debtor, and thus Code § 1129(a)(14) is not applicable to this Debtor.

GG. This Debtor is not an individual, and thus Code § 1129(a)(15) is not applicable to this Debtor.

HH. This Confirmation Order in Paragraph No. 16 below provides that, to the extent that the Debtor is not a moneyed, business, or commercial corporation within the meaning of Code § 1129(a)(16), that the Debtor shall follow the requirements of Code § 1129(a)(16), thereby satisfying Code § 1129(a)(16).

II. The principal purpose of the Plan is not the avoidance of taxes.

JJ. The Proponents have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by Code § 1125(e).

KK. Bubba's Holdings LLC (f/k/a Strategic Restaurant Concepts, LLC has not objected to the assumption of the Bubba's Holding's Lease (as defined in Plan §7.1), and the Plan otherwise provides Plan § 7.1 a procedure for the possible assumption and potential assignment of other leases of nonresidential real property. ~~No non-Debtor party to any of the executory contracts or unexpired leases of the Debtor to be assumed pursuant to Plan § 7 (collectively, the "Assumed Contracts") has objected the assumption of its Assumed Contracts pursuant to the Plan~~.

~~KK.~~LL. -The Court may properly retain jurisdiction over the matters set forth in Section ~~11.2~~13.1 of the Plan.

~~LL.~~MM. This Bankruptcy Court adopts the findings announced on the record on ~~October 7, 2021~~March 30, 2022 and reserves the right to enter further findings of fact and conclusions of law. As appropriate, all findings of fact are conclusions of law, and vice versa.

**Based upon the foregoing findings of fact and conclusions of law, IT IS THEREFORE ORDERED:**

1. The Plan (a copy of which is attached hereto as **Exhibit PDGP499**~~)~~ is hereby CONFIRMED pursuant to Code §1129(a) and/or to the extent applicable Code § 1129(b).

2. Pursuant to Code § 1141, effective as of the Effective Date, but subject to consummation of the Plan, and except as expressly provided in the Plan or in this Confirmation Order, the provisions of the Plan (including the exhibits thereto), and all documents and agreements to be executed pursuant to the Plan, are hereby approved and, together with this

Confirmation Order, shall be binding on the Debtor and all holders of Claims against and Interests in the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan.

3. The assumption by the Debtor of ~~all executory contracts and unexpired leases set forth in the Plan and not expressly rejected by separate or prior order, not the subject of a current motion to assume or reject that remains outstanding, or not otherwise reserved to a further hearing,~~ the Bubba's Holding's Lease (as defined in Plan § 7.1) is hereby approved.

4. On and as of the Effective Date, all property of the Debtor's estate is and shall be vested in the Reorganized Debtor in the manner specified in the Plan except as otherwise specified herein.

5. Except as otherwise provided in the Plan or herein, from and after the Effective Date, all persons and entities that have held, currently hold, or may hold any Claims against the Debtor (or other right of any equity security holder that is cancelled under the terms of the Plan) are forbidden from taking any of the following actions against the Debtor, the Reorganized Debtor or any of their respective property on account of any such Claims or Interests or rights related thereto: (a) commencing or continuing in any manner, any suit, action, or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; (d) creating, perfecting, or enforcing any lien or encumbrance; and (e) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code; provided, however, that the foregoing injunction shall not limit or preclude any person or entity from exercising its rights pursuant to the terms of the Plan or any document executed pursuant thereto.

6. Pursuant to Code § 1142, the Debtor, the Reorganized Debtor, and their respective officers, directors, trustees, and administrators, and all other necessary parties, are authorized and empowered, and hereby directed, to execute and deliver all other instruments, agreements, and documents, and to take any and all other actions that may be necessary or desirable to comply with the terms and conditions of the Plan or to consummate or implement the Plan or this Confirmation Order.

7. With the exception of administrative expense claims that are post-petition ad valorem property taxes, all requests for payment of Administrative Claims, other than Fee Claims as set forth in this paragraph or Administrative Claims to the extent incurred by the Debtor in the ordinary course of business and recorded in the Debtor's books and records, shall be filed with the Bankruptcy Court and served upon the Debtor and other notice parties within **thirty (30) days** following the Effective Date or by such earlier deadline as may apply to such Administrative Claim pursuant to an earlier order of the Court, if any. All requests for Fee Claims of Professional Persons shall be filed with the Bankruptcy Court and served upon the Debtor and other notice parties within **thirty (30) days** following the Effective Date. Except as provided herein or in the Plan, any Administrative Claim or Fee Claim for which an application or request for payment is not filed within such time period shall be discharged and forever bared.

8.      Nothing in the Plan or in this Confirmation Order shall be construed to deprive any taxing authorities of any statutory liens which may inure to the benefit of such taxing authorities to secure payment of any pre-petition Priority Tax Claims, Secured Tax Claims, or any post-petition Administrative Claims for taxes.

9.      In the case of post-petition Administrative Claims for state and local taxes, the submission of tax bills or invoices presented in the ordinary course to the Debtor shall suffice in lieu of a formal claim for Administrative Payment. With the exception of ad valorem property taxes, in the event that the Debtor contests any such bills or invoices, the Debtor may elect to contest such taxes in this Court prior to the entry of a Final Decree or pursuant to the state or local rules for contesting such taxes.

10.     On and as of the Effective Date, all contractual, legal, equitable, equitable subordination, and turnover rights that a holder of a Claim or Interest may have with respect to any distribution to be made pursuant to the Plan will be discharged and terminated, and all suits, actions, and other proceedings and all other efforts to enforce or attempt to enforce any such contractual, legal, equitable, equitable subordination, and/or turnover rights are hereby permanently enjoined. The provisions of the Plan constitute a good faith compromise and settlement of all Claims or controversies relating to the enforcement of all such contractual, legal, equitable, equitable subordination, and turnover rights. The compromise and settlement of all such Claims and controversies is approved under Bankruptcy Rule 9019 as being fair, equitable, and reasonable and in the best interests of the Debtor, the Reorganized Debtor, and the holders of Claims and Interests.

11.     Except as otherwise expressly provided in the Plan or herein, the rights and treatment afforded in the Plan shall discharge all existing security interests, liens, debts, and claims of any kind, nature, or description whatsoever against the Debtor or any of its assets or properties to the fullest extent permitted by Code § 1141; upon the Effective Date, all existing Claims against the Debtor, except post-petition ad valorem property taxes, shall be, and shall be deemed to be, discharged, and all holders of Claims shall be precluded from asserting against the Debtor, or any of its assets or properties, any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder filed a proof of Claim except for the claimant's rights as provided in this Plan. Confirmation of the Plan and the obligations imposed on the Debtor and/or the Reorganized Debtor herein shall be in complete satisfaction, discharge, and release of all Claims of any nature whatsoever against the Debtor and/or the Reorganized Debtor or any of its assets or properties; and, except as otherwise provided herein, upon the Effective Date, the Debtor shall be deemed discharged and released from any and all Claims, including but not limited to demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Code §§ 502(g), 502(h), or 502(i) that arose prior to the Confirmation Date, whether or not (a) a proof of Claim based upon such debt is filed or deemed filed under Code § 501, (b) a Claim based upon such debt is allowed under Code § 502, or (c) the holder of a Claim based upon such debt has accepted the Plan. Except as provided herein, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor. As provided in Code § 524, such discharge shall void any judgment against the Debtor at any time obtained, to the extent it relates to a Claim, and operates as an injunction against the prosecution of any action against the Debtor, or its property, to the extent it relates to a Claim discharged. However, any

provision of this Order notwithstanding, the discharge granted herein shall not discharge the Reorganized Debtor from its obligations under the Plan or under any document executed pursuant thereto.

12. Pursuant to 28 U.S.C. §§ 1334 and 157, this Bankruptcy Court shall retain exclusive jurisdiction of all matters arising in, arising under, and related to this Chapter 11 case and the Plan, including the matters specified in Plan § 13.1.

13. The classification of Claims and Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered or returned by the holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, and (c) may not be relied upon by the holder of any Claim as representing the actual classification of such Claims under the Plan for distribution purposes.

14. Where appropriate, the findings of fact and conclusions of law contained hereinabove shall also have the force of decretal paragraphs and the foregoing decretal paragraphs shall also have the force of findings of fact, conclusions of law, or both, as appropriate.

15. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent. The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety. If there is any direct conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

16. To the extent that the Debtor constitutes a non-moneyed, non-business, or non-commercial corporation within the meaning of Code § 1129(a)(16), any transfers of property contemplated by the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

17. After the Confirmation Hearing, the Debtor or the Reorganized Debtor, as the case may be, may, subject to Court approval and so long as it does not materially or adversely affect the rights set forth in the Plan of creditors and other parties-in-interest, amend or modify the Plan and related documents to remedy any defect or omission or reconcile any inconsistencies in such documents or in this Order, in such manner that may be necessary to carry out the purposes and intent of the Plan.

18. In the event of a conversion of this case to Chapter 7 any time after the confirmation of this Plan, the assets of the Debtor shall re-vest to the bankruptcy estate of the Debtor upon such conversion.

~~18.~~19. Pursuant to Bankruptcy Rule 3020(c), the Debtor shall, within two (2) business days after the entry of this Order, serve notice of the entry of this Order as provided in Bankruptcy Rule 2002(f) to all persons and entities required in Rules 2002 and 3020(c)(2) of the Federal Rules of Bankruptcy Procedure.

~~19.~~20. Upon occurrence of the Effective Date, the Reorganized Debtor shall file and serve on all parties set forth in the foregoing paragraph a Notice of Effective Date, with deadlines for filing and serving rejection claims and administrative claims clearly indicated, no later than two (2) Business Days after the occurrence of the Effective Date.

~~20.~~21. **THE EFFECTIVE DATE OF THE PLAN IS AND SHALL BE ~~_____,~~ April 1, 2022.** Debtor shall file and serve a separate Notice of Effective Date.

**Formatted:** Highlight

### # # #

**EXHIBIT PDGP499**